**Stephen J. ROCHNA, Petitioner,**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD and James B. Busey, Administrator, Federal Aviation Administration, Respondents.**

**No. 90–1919.**

United States Court of Appeals,
First Circuit.

Heard Feb. 4, 1991.

Decided March 26, 1991.

Rehearing Denied April 12, 1991.

Lawrence B. Smith, Tucson, Ariz., for petitioner.

Joseph A. Conte, Federal Aviation Admin., Germantown, Md., for respondents.

Before BREYER, Chief Judge, and BOWNES, Senior Circuit Judge, and SELYA, Circuit Judge.

BOWNES, Senior Circuit Judge.

This appeal arises on a single issue: whether the Federal Aviation Administration's ("FAA's") disinclination to promulgate through public notice and comment or publish in the Code of Federal Regulations ("CFR") a rule authorizing the suspension of an airman certificate is a violation of the Administrative Procedure Act ("APA"), 5

U.S.C. §§ 552(a)(1) and 553. We reject the appeal.

## I. BACKGROUND

On March 14, 1988, the FAA Administrator suspended Stephen J. Rochna's airman certificate for ninety days under the provisions of Section 609 of the Federal Aviation Act of 1958, as amended in 49 U.S.C.App. § 1429 (1982).[1] The Administrator alleged that on June 22, 1987, Rochna acted as pilot-in-command of a cargo flight transporting hazardous materials for Cash Air, Inc. under IFR (Instrument Flight Rules) weather conditions. At the time of the flight from Lawrence, Massachusetts to JFK Airport in New York, Rochna was not yet an employee of Cash Air, nor was he qualified to act as pilot-in-command of its Part 135[2] flight. He was charged with not having received hazardous materials training, not completing initial ground training and not having had an Airman Competency/Proficiency check by Cash Air. These charges resulted in six alleged violations of the Federal Aviation Regulations ("FARs")[3] and an order of suspension for ninety days.

After a National Transportation Safety Board ("NTSB") hearing in Boston on July 28 and 29, 1988, the Administrative Law Judge ("ALJ") found against Rochna on issues of credibility and upheld his ninety-day certificate suspension for all six FAR violations. Further, he concluded that the suspension "sought by the Administrator [FAA] for the violations found to have occurred is consistent with Board [NTSB] precedent...." *Administrator v. Rochna*, NTSB Order, Docket No. SE–9155 (Oct. 31, 1988).

On February 28, 1989, the FAA Administrator withdrew allegations of three of Rochna's six FAR violations: those under §§ 135.293(b), 135.297(a) and 135.299(a). Upon appeal, the NTSB upheld the judge's credibility determination on the three remaining violations. It then changed Rochna's suspension from ninety to thirty days. *Administrator v. Rochna*, NTSB Order EA–3184, Docket No. SE–9155 (August 24, 1990). Rochna now appeals this thirty-day certificate suspension on the basis of purported FAA failure to promulgate or publish rules for such action. The NTSB concluded that it should not address this issue.

## II. APPLICABLE STATUTES AND CASE LAW

Under the Federal Aviation Act, the FAA Administrator holds responsibility for flight safety in civil air commerce. 49 U.S.C.App. § 1421(a). Congress has authorized various enforcement modes including FAA § 609 emergency certificate suspension action under 49 U.S.C.App. § 1429(a) and FAA § 901 civil penalties under 49 U.S.C.App. § 1471(a).[4] *See Go Leasing, Inc. v.*

---

1. 49 U.S.C.App. § 1429(a) reads in relevant part:

   If ... he determines that safety in air commerce or air transportation and the public interest requires, the Secretary of Transportation may issue an order amending, modifying, suspending, or revoking, in whole or in part, any type certificate, production certificate, airworthiness certificate, airman certificate.... Prior to amending, modifying, suspending, or revoking any of the foregoing certificates, the Secretary of Transportation shall advise the holder thereof as to any charges or other reasons relied upon by the Secretary of Transportation for his proposed action and, except in cases of emergency, shall provide the holder of such a certificate an opportunity to answer any charges and be heard as to why such certificate should not be amended, modified, suspended, or revoked.

2. "Part 135" as found in 14 CFR § 135 (1990) covers aviation regulations for air taxi operators and commercial operators. Regulations from 14 CFR §§ 135.291 to 135.303 refer to crewmember testing requirements while regulations §§ 135.321 to 135.353 refer to airman training.

3. Rochna was originally charged with and found guilty of violations of the following six sections of the FAR: § 135.333 (carriage of hazardous material without appropriate training); § 135.343 (Part 135 crewmember without initial training); § 135.293(a) (pilot without passing written/oral test in past twelve months); § 135.293(b) (pilot without passing competency check in past twelve months); § 135.299(a) (pilot-in-command without passing flight check in particular aircraft); § 135.297(a) (pilot-in-command without passing instrument proficiency check under Part 135).

4. Rochna's wide-ranging brief invokes comparisons between certificate suspension and civil penalties. The latter require money fines which

*National Transp. Safety Bd.*, 800 F.2d 1514, 1517–18 (9th Cir.1986).

*Pangburn v. Civil Aeronautics Bd.*, 311 F.2d 349 (1st Cir.1962), one of the seminal aviation certificate suspension cases, upheld the right of the FAA under its § 609 powers "to impose a suspension as a 'sanction' against specific conduct or because of its 'deterrence' value—either to the subject offender or to others similarly situated." *Id.* at 354. Current cases likewise hold that there is a "clear statutory basis for the FAA's policy of suspending airman certificates as a sanction for violation of FARs." *Hill v. National Transp. Safety Bd.*, 886 F.2d 1275, 1281 (10th Cir.1989).

This regulatory policy has endured essentially unchanged since the Civil Aeronautics Act of 1938 through its legislative reenactment as the Federal Aviation Act in 1958 to the present. *See Pangburn, supra*, at 354 (citing *Hard v. Civil Aeronautics Bd.*, 248 F.2d 761 (7th Cir.1957) (upholding suspension as deterrent), *cert. denied*, 355 U.S. 960, 78 S.Ct. 543, 2 L.Ed.2d 534 (1958); *Wilson v. Civil Aeronautics Bd.*, 244 F.2d 773 (D.C.Cir.) (upholding suspension as sanction), *cert. denied*, 355 U.S. 870, 78 S.Ct. 119, 2 L.Ed.2d 75 (1957)).

A recent certificate suspension case, *Komjathy v. National Transp. Safety Bd.*, 832 F.2d 1294 (D.C.Cir.1987), provides an illustrative parallel to the rule-making issue in Rochna's case. In *Komjathy*, the plaintiff's challenge to an unpromulgated regulation implementing 49 U.S.C.App. § 1429(a) was deemed to be "utterly without basis." The court concluded that this regulation did "no more than repeat, virtually verbatim, the statutory grant of authority in 49 U.S.C.App. § 1429(a) for the ordering of such suspensions." *Id.* at 1296–97. Like Rochna, Komjathy was neither surprised nor injured by his certificate suspension. The virtual "reprinting of the statutory language," in the regulation

could not "have affected Komjathy's rights and interests." *Id.*

Even if we assume, favorably to petitioner, that the agency policy at issue is a rule or regulation and not simply a statement made in the course of an agency adjudication, *see NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 294, 94 S.Ct. 1757, 1771, 40 L.Ed.2d 134 (1974), it still need not be promulgated or published. It depends upon the statute, 49 U.S.C.App. § 1429(a), for its substantive meaning and is not in itself substantive. Hence, it is not subject to rule-making procedures outlined in 5 U.S.C. § 553(b)(3)(A). *See Southern Cal. Aerial Advertisers' Ass'n v. Federal Aviation Admin.*, 881 F.2d 672, 677 (9th Cir. 1989). This is the second issue raised by Rochna. The first, that of statutory authority, has long been predetermined by the premier First Circuit certificate suspension case upholding such an agency action nearly thirty years ago—*Pangburn v. Civil Aeronautics Bd.*, 311 F.2d 349 (1st Cir. 1962). The second issue, the need to apply the rule-making procedures of the APA, 5 U.S.C. §§ 552(a)(1) and 553, in airman certificate suspension cases has, since *Pangburn*, consistently been answered in the negative across the circuits. *See, e.g., Southern Calif. Aerial Advertisers' Ass'n*, 881 F.2d at 677; *Tearney v. National Transp. Safety Bd.*, 868 F.2d 1451, 1454 (5th Cir.1989); *Capuano v. National Transp. Safety Bd.*, 843 F.2d 56, 58 (1st Cir.1988); *Komjathy*, 832 F.2d at 1296–97; *Roach v. National Transp. Safety Bd.*, 804 F.2d 1147, 1155 (10th Cir.1986); *Go Leasing*, 800 F.2d at 1522, 1526; *Cobb v. National Transp. Safety Bd.*, 572 F.2d 202, 204 (9th Cir.1977).

In *Capuano, supra*, we rejected a challenge to the failure to publish in the Federal Register an enforcement manual informing FAA employees that "[s]uspension may be used for punitive purposes when the nature of the violation warrants...." *Id.*

are irrelevant here; appellant has no standing to argue civil penalties because none have been imposed. Likewise, petitioner's reliance upon *Air Transport Ass'n of America v. Department of Transp.*, 900 F.2d 369 (D.C.Cir.1990), is misplaced. *Air Transport* is inapposite to the instant case because the former involves civil penalties for air safety violations. The Court vacated the judgment in *Air Transport* and remanded to consider the question of mootness. *Department of Transp. v. Air Transp. Ass'n*, —— U.S. ——, 111 S.Ct. 944, 112 L.Ed.2d 1033 (1991).

**16**

at 57. Aligning with the other courts that had considered the issue, we held that publication in the Federal Register under 5 U.S.C. § 552(a)(1) was not required. *Id.* at 58. Although the challenge here is cast in somewhat different terms, both the rationale and the holding of *Capuano* control this case.

■ Rochna cannot credibly complain of lack of due process. He was charged with six specific violations of the FARs. The statute authorizes suspension of an airman certificate if the Secretary determines that "safety in air commerce or air transportation and the public interest [so] requires...." 49 U.S.C.App. § 1429(a). Prior to such suspension, the statute provides for notice of the charges, an opportunity to answer them and a hearing. *Id.* Rochna was afforded all of these procedural safeguards. We fail to see how publishing a rule restating the statute would affect Rochna, pilots in general or the public.

We must also note that in *Tearney, Komjathy* and *Go Leasing,* the various petitioners were represented by the selfsame attorney who represents the petitioner in this case. Persistence can be a virtue, but, to paraphrase Emerson, a foolish persistency is the hobgoblin of little minds. We agree with the FAA that Rochna's attorney remains "oblivious to the obvious." Rejecting an appeal which can never fly, we affirm the decision of the NTSB.