United States Court of Appeals
 For the First Circuit
 

No. 92-2226

 THOMAS D. HITE,

 Petitioner,

 v.

 NATIONAL TRANSPORTATION SAFETY BOARD, ET AL.,

 Respondents.

 

 ON PETITION FOR REVIEW OF AN ORDER
 OF THE NATIONAL TRANSPORTATION SAFETY BOARD.

 

 Before

 Boudin, Circuit Judge,
 
 Campbell, Senior Circuit Judge,
 
 and Stahl, Circuit Judge.
 

 

Lawrence B. Smith for petitioner.
 

Harry S. Gold with whom Peter J. Lynch was on brief for
 
respondents.

 

 April 22, 1993
 

 STAHL, Circuit Judge. Petitioner Thomas D. Hite
 

("Hite") appeals the National Transportation Safety Board's

("NTSB") decision to uphold an Administrative Law Judge's

("ALJ") affirmance of the Federal Aviation Administration's

("FAA") revocation of his airman certificate. Our

jurisdiction is premised on 49 U.S.C. app. 1429(a). 

Finding Hite's appellate arguments without merit, we affirm.

 Background1
 Background
 

 On February 4, 1989, Hite was the pilot of a

Spectrum Airlines charter flight from Hyannis to Nantucket,

Massachusetts. Aboard the charter were Hyannis High School

basketball players and their coach, travelling to a game in

Nantucket. Shortly after takeoff, the plane (a Cessna 402B),

experienced control difficulty. The nose of the plane

suddenly rose, bringing the aircraft to a nearly vertical

 

1. Hite's appellate arguments are essentially legal in
nature, rather than an attack on the factual findings of the
ALJ or Board. Indeed, his challenge to the previous factual
findings consists of little more than highlighting irrelevant
inconsistencies in certain testimony. It is not our
function, however, to weigh evidence or evaluate credibility.
Hill v. National Transp. Safety Bd., 886 F.2d 1275, 1278
 
(10th Cir. 1989). Instead, we "simply determine whether the
agency could fairly and reasonably find the facts as it did."
Chritton v. National Transp. Safety Bd., 888 F.2d 854, 856
 
(D.C. Cir. 1989); see also 49 U.S.C. app. 1486(e) (court
 
bound by factual findings if there is substantial evidentiary
support in the record). Our review of the record reveals
nothing unreasonable relative to fact finding below. As
such, we sketch the factual outline consistent with the
findings of the Board. 

 -2-
 2

position. Hite regained control of the plane and returned to

Hyannis without further incident.

 The FAA Administrator ("the Administrator") charged

that the above incident was due to Hite's misfeasance. In an

order dated June 23, 1989, the Administrator revoked Hite's

airman's (pilot's) certificate after determining that Hite

had violated numerous Federal Aviation Regulations ("FAR").2

Hite appealed the revocation order to the Board. 49 U.S.C.

app. 1429(a). 

 A hearing before ALJ Coffman was held in Boston on

February 8-9, 1990. The Administrator presented testimony

from two passengers, a Hyannis Airport air traffic

controller, an aircraft mechanic who examined the plane after

the incident, and a FAA aviation safety inspector. In

addition, the Administrator presented 38 evidentiary

exhibits, including statements by passengers, parts of the

aircraft, and documents concerning the weight and balance of

the aircraft. Petitioner testified, and introduced testimony

 

2. Specifically, Hite was charged with violating FAR 91.9,
14 C.F.R. 91.9 (1989) (operating an aircraft in a careless
or reckless manner); FAR 91.31(a), 14 C.F.R. 91.31(a)
(1989) (operating an aircraft without complying with the
operating limitations specified in the approved manual); FAR
135.25(a)(2), 14 C.F.R. 135.25(a)(2) (1989) (operating an
aircraft that was not airworthy); and FAR 135.65(b), 14
C.F.R. 135.65(b) (1989) (failing, as pilot-in-command, to
enter or have entered in the aircraft maintenance log a
mechanical irregularity that came to his attention during a
flight). A charge of failing to report an accident or flight
control malfunction was dismissed.

 -3-
 3

from Spectrum Aviation's director of maintenance and

Nantucket station agent, as well as two Spectrum pilots, one

of whom was near petitioner's plane at the time of the

incident, and a FAA aviation safety inspector who once worked

for Spectrum.

 Testimony indicated that it is critical to the

stability of a Cessna 402B that the weight of passengers and

baggage be towards the front of the plane. Passengers

testified that in past flights they were routinely asked to

provide their weights, were given assigned seats based on

their weights, and gave their luggage to airline personnel to

load in the plane's nose compartment. Prior to the flight in

question, however, nobody compiled the passengers' weights,

at Hite's direction baggage was loaded in the rear of the

plane's passenger section, and passengers were not assigned

seats.

 After the passengers were seated, as Hite was

boarding, the plane tilted backward, causing the tail section

to strike the tarmac. Hite and three passengers got off the

plane, allowing it to level off again. Hite examined the

plane, and then reboarded with the three passengers. At no

time did he reassign anybody's seat.

 The Hyannis air traffic controller testified that

he noticed the plane having difficulty ascending, and thought

that it would not clear 50-foot tall trees located 5000 feet

 -4-
 4

from the end of the runway. A team member testified that

about ten seconds after takeoff, with the plane at an

altitude of 200 to 400 feet, the plane's nose tilted steeply

upward at an angle of 45 degrees or more. He then saw a red

light illuminate and heard a buzzer, followed by Hite

shouting an expletive and ordering everyone in the plane to

move forward. Everyone complied, with those seated in the

rear "sardined up in the front." Meanwhile, as the plane

tilted back, Hite was having trouble with the controls, which

appeared to be stuck. After the passenger movement, the

plane levelled off and Hite, without further incident,

returned to the Hyannis airport. According to another

witness, Hite said after the flight that the passengers

survived only because their youth and agility enabled them to

quickly move to the front of the plane. Had they been older,

Hite said, according to the testimony, they would not have

survived. Hite doesn't dispute the magnitude of the

situation. Indeed, his appellate brief suggests that he

should "have gotten a medal" for his handling of the

situation.

 The Administrator's expert testified that the plane

struck the ground because Hite overloaded the plane and

improperly distributed the weight of the passengers and

baggage. Further testimony indicated that the plane's

striking the ground bent a piece of the internal frame of the

 -5-
 5

tail, which in turn caused damage to the plane's elevator

control, which would affect the plane's ability to move up

and down in flight.3

 At the conclusion of the two-day hearing, the ALJ

issued an oral decision and order, affirming the

Administrator's revocation order. Pursuant to 49 U.S.C. app.

 1429(a) and 49 C.F.R. 821.47, petitioner appealed the

ALJ's decision to the full Board. After both parties

submitted briefs, the Board, on August 25, 1992, issued a

written opinion and order affirming the orders of the ALJ and

FAA. This appeal followed.

 Discussion
 

 Petitioner raises two arguments on appeal, neither

of which merits more than brevis discussion. First, he
 

argues that the FAA has revoked his certificate for punitive

purposes, in contravention of Board decisions that

countenance revocation only when a certificate holder's

actions indicate a lack of qualifications necessary for

certification. He supports this argument by relying on a FAA

internal handbook that was superseded in 1988. The relevant
 

handbook unequivocally states that "[r]evocation of a

 

3. Hite argued that he was unaware of the fact that the
plane struck the tarmac; that he loaded the baggage in the
front of the plane; and that the misplacement of passengers
was their own doing, in that they had already boarded by the
time he had arrived. The ALJ resolved these credibility
issues adversely to Hite, who has provided us with no reason
to disturb the ALJ's findings. See supra note 1.
 

 -6-
 6

certificate is used as a remedial measure, when the

certificate holder lacks the necessary qualifications to hold

the certificate." Handbook for Handling Legal Aspects of FAA
 

Enforcement Program, FAA Order 2150.3A at 206(b) (Dec. 14,
 

1988). Paragraph 206(b)(1) indicates that "[r]evocation is

appropriate whenever the certificate holder demonstrates a

lack of care, judgment and responsibility required of the

holder of such a certificate." Examined in this light,

Hite's argument obviously fails.

 Hite also argues for greater consideration of his

otherwise stellar record. The Board, however, has

consistently held that "conduct on a single flight, generally

in the form of recklessness or gross (or extreme)

carelessness, is considered sufficiently egregious to

demonstrate a lack of qualifications." Administrator v.
 

Wingo, 4 N.T.S.B. 1304, 1305 (1984). Moreover, the "Board is
 

not constrained to impose serious sanctions on pilots only

when tragedy occurs. Congress has delegated to the agency

wide discretion to take reasonable action to avert

preventable tragedies." Johnson v. National Transp. Safety
 

Bd., 979 F.2d 618, 623 (7th Cir. 1992). 
 

 Under our very narrow standard of review, we must

uphold the Board's decision if it is not "arbitrary,

capricious, an abuse of discretion, or otherwise not in

accordance with law." 5 U.S.C. 706(2)(A). Moreover, "the

 -7-
 7

strong policy concern for public safety requires that the

Board be given a wide range of discretion in imposing

sanctions." Johnson, 979 F.2d at 622. Given the danger into
 

which Hite placed his passengers, we cannot say that it was

an abuse of discretion to conclude that this incident

demonstrated Hite's lack of care, judgment, or responsibility

to hold an airman's certificate.4

 Hite's second argument requires less discussion

than the first. Essentially, he asserts that the FAA's

failure to publish, in the Code of Federal Regulations, after

public notice and comment, a rule authorizing the revocation

of an airman's certificate is a violation of the

Administrative Procedures Act, 5 U.S.C. 552(a)(1) and 553.

Such failure, Hite's argument goes, constitutes an absolute

bar to the FAA's revocation.

 This is not the first time Hite's counsel has made

this argument, either in this circuit, see Rochna v. National
 

Transp. Safety Bd., 929 F.2d 13 (1st Cir.), cert. denied, 112
 

 

4. Hite also asserts that the FAA's later failure to veto
Spectrum's appointment of him as Director of Operations, and
the FAA's decision to issue an Air Taxi Certificate to his
company, somehow undermines the conclusion that he lacks an
airman's qualifications. This argument borders on the
specious. The FAA revoked Hite's certificate to fly an
 
aircraft. Whether he is Spectrum's Director of Operations,
or President of Meridien Airlines--to which the taxi
certificate was issued--he is still prohibited from flying.
 
In a nutshell, these two FAA decisions are irrelevant to the
matter at hand.

 -8-
 8

S. Ct. 305 (1991),5 or others. See Tearney v. National
 

Transp. Safety Bd., 868 F.2d 1451 (5th Cir.), cert. denied,
 

493 U.S. 937 (1989); Komjathy v. National Transp. Safety Bd.,
 

832 F.2d 1294 (D.C. Cir. 1987) (per curiam), cert. denied,
 

486 U.S. 1057 (1988). Each prior assertion has met with

rejection. In addition, one district court recently

sanctioned Hite's counsel under Fed. R. Civ. P. Rule 11 for

advancing this oft-rejected theory without reasonable

"argument that the Second Circuit would receive these

arguments with any more favor . . . ." See Knipe v. Skinner,
 

No. 91-CV-1338, 1993 U.S. Dist. Lexis 2203 at *3 (N.D.N.Y.

Feb. 20, 1993) (finding Rule 11 violation); see also Knipe v.
 

Skinner, No. 91-CV-1338, 1993 U.S. Dist. Lexis 3702 (N.D.N.Y.
 

March 20, 1993) (assessing sanction at $9,000). As we have

been given no reason to depart from this unbroken chain of

authority, further discussion of this issue is unnecessary. 

 The decision of the NTSB is affirmed.
 affirmed
 

 

5. Hite's appellate brief makes no mention of this First
Circuit precedent. However, we find that while Rochna
 
addressed a case of suspension, and this case involves
revocation, such variance is of no moment. In both cases,
Hite relies on the same rationale to attack the FAA's
sanction. 

 -9-
 9