69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth A. BELLOWS; Dane T. Roundtree, Plaintiffs,
and
Lawrence B. Smith, Attorney for Plaintiffs, Appellant,
v.
Samuel K. SKINNER, et al., Defendants-Appellees.
 No. 94-36138.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1995.*
Decided Oct. 27, 1995.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Lawrence B. Smith, counsel for plaintiffs in the underlying action, No. 92-36954, and pro se in this sanctions appeal, No. 93-35347, appealed the district court's reimposition of its judgment of sanctions against him under Fed.R.Civ.P. 11, following this court's remand of the issue of sanctions in light of the December 1, 1993 revision of Rule 11.
 
 
 4
 In the underlying action, Smith represented both Kenneth A. Bellows and Dane T. Roundtree ("plaintiffs") in a Bivens action raised in the district court against numerous present and former officials of the FAA, the Department of Transportation, and the National Transportation Safety Board ("defendants"), arising out of the FAA's temporary suspension of plaintiffs' FAA certificates. Plaintiffs argued that defendants had violated their constitutional rights by bringing or otherwise participating in the proceedings to suspend their FAA certificates for documented violations of FAA safety regulations. The district court dismissed the Bivens action and sanctioned Smith $6,250 as attorneys' fees for filing frivolous documents before the court.
 
 
 5
 In a Memorandum Opinion, Bellows v. Skinner, et al., 28 F.3d 104 (9th Cir.1994), a panel of this court affirmed the district court's dismissal of the underlying actions and remanded the issue of Rule 11 sanctions to the district court for the court to exercise its discretion under Rule 11 as amended in 1993. On remand, the district court reimposed sanctions against Smith. Smith appealed.
 
 
 6
 The panel remanded this case to the district court in order to take into account two changes in the amended rule. First, the imposition of sanctions is now discretionary. Second, the change in the rule requires that an argument for the extension, modification, or reversal of existing law or the establishment of new law must be "non-frivolous," rather than made in "good faith."
 
 
 7
 The district court noted that it had, albeit mistakenly, "always read the former mandatory language of Rule 11 as permissive." Judge Singleton then stated:
 
 
 8
 I do not know if Smith is mentally ill, a vexatious litigant, or simply a modern day Don Quixote tilting at windmills. It doesn't matter. It is clear that Smith is bringing these frivolous lawsuits solely for the purpose of multiplying litigation and harassing his opponents. Such conduct warrants sanctions.
 
 
 9
 ER at 8.
 
 
 10
 Furthermore, the district court explained that "a Bivens action is not a proper vehicle for changing clearly established law." The critical inquiry in a Bivens action is whether a reasonable government official in the defendant's position would have known his actions violated clearly established legal standards. Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). Thus, Smith's Bivens claim would clearly be frivolous given the fact that the relevant law emphatically supports defendant's authority to revoke or suspend plaintiffs' FAA certificates for safety violations. See, e.g., Go Leasing, Inc. v. National Transp. Safety Bd., 800 F.2d 1514 (9th Cir.1986). Moreover, Smith was certainly aware of the law given the fact that he served as counsel to plaintiff not only in the Go Leasing action, but also in a number of similarly unsuccessful and identical Bivens suits brought against federal officials in other federal circuits. See Knipe v. Skinner, 999 F.2d 708 (2d Cir.1993); Rochna v. National Transp. Safety Bd., 929 F.2d 13 (1st Cir.), cert. denied, 502 U.S. 910 (1991); Komjathy v. National Transp. Safety Bd., 832 F.2d 1294 (D.C.Cir.1987) (per curiam), cert. denied, 486 U.S. 1057 (1988). Because the arguments raised by Smith were frivolous, the district court concluded that the reimposition of the sanctions was justifiable under the 1993 version of Rule 11.
 
 
 11
 "All aspects of a district court's Rule 11 determination are reviewed for an abuse of discretion." Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir.1995). Under the abuse of discretion standard, we will not overturn the district court's determination unless we find the district court to have reached "a judgment that is clearly against the logic and effect of the facts as are found." International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir.1993) (quoting Washington Capitols Basketball Club, Inc. v. Barry, 419 F.2d 472, 476 (9th Cir.1969)). The district court did not abuse its discretion in reimposing sanctions against Smith.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3