Clarence J. WENDLER,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 85–1222.

United States Court of Appeals,
Tenth Circuit.

Dec. 18, 1985.

Clarence J. Wendler, pro se.

Richard K. Willard, Asst. Atty. Gen., Emily M. Trapnell, Sp. Asst. to the Chief Counsel, Federal Aviation Admin., Washington, D.C., and Benjamin L. Burgess, Jr., U.S. Atty., Wichita, Kan., and Jerome P. Jones and Walter Welch, Litigation Div., Federal Aviation Admin., Washington, D.C., on brief, for defendant-appellee.

Before BARRETT, SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Clarence J. Wendler, an aerial crop duster residing in Dighton, Kansas, brought the present suit in the United States District Court for the District of Kansas under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, against the United States of America for money damages allegedly caused by the negligence of employees of the Federal Aviation Administration (FAA) in the initial suspension of his commercial pilot certificate followed by the eventual, but unduly belated, reissuance of a new conditional certificate. Wendler's basic position was that FAA was dilatory and otherwise did not act promptly in its handling of his case and that as a result thereof, he suffered a loss of income in his crop dusting business. After filing an answer, the United States filed a motion to dismiss and as basis therefor asserted that Wendler's claim was barred by the "discretionary function" exception of the Federal Tort Claims Act. 28 U.S.C. § 2680(a). The district court granted the motion and dismissed Wendler's cause of action. Wendler appeals the dismissal order. We affirm.

A brief chronology of background material will place the matter in focus. As of September 29, 1980, Wendler held a commercial pilot's certificate issued him by the FAA, which certificate was required to carry on a crop dusting business. On that date, the FAA issued an emergency order suspending Wendler's commercial pilot's license until such time as Wendler could demonstrate to the FAA that he met certain requirements for holders of airmen medical certificates. The suspension order was premised on a clinical evaluation that he was not mentally fit to be flying. *Wendler v. NTSB*, No. 83–1905 at 2 (10th Cir. Feb. 28, 1985). Wendler appealed this order to the National Transportation Safety Board (NTSB), but the matter was settled prior to any decision on the merits. The settlement provided that Wendler would reapply for his medical certificate and in connection therewith would supply personal medical information for the FAA's consideration and that the FAA would, in turn, promptly process and rule on the reapplication. The FAA eventually did issue a limited second-class airman medical certificate on the condition that he

submit annually the results of certain cardiovascular and psychiatric testing.

As an aftermath of these administrative proceedings, Wendler filed, under the Equal Access to Justice Act, 5 U.S.C. § 504 *et. seq.*, a claim for attorney's fees incurred in such administrative proceedings. This claim was denied by the NTSB and, on appeal, we affirmed. *Wendler v. NTSB*, No. 83–1905 (10th Cir. Feb. 28, 1985).

As an additional outgrowth of the administrative proceedings wherein Wendler lost his certificate and eventually regained it subject to conditions, Wendler filed a claim for loss of business income. He incurred the loss during the time when he had no certificate and thus could not pursue his crop dusting operations. When this claim was denied, he instituted the present action under the FTCA. The district court, in a detailed memorandum and order, held that Wendler's claim fell within the "discretionary function" exception, 28 U.S.C. § 2680(a), to actions authorized to be brought against the United States under 28 U.S.C. § 1346(b). *Wendler v. United States*, 606 F.Supp. 148 (D.Kan.1985).

Wendler was represented by retained counsel in all of the administrative hearings and in his prosecution of the instant action in the district court. His counsel thereafter filed a notice of appeal in the district court and a docketing statement with this Court. Retained counsel then was permitted to withdraw, and Wendler has prosecuted the present appeal *pro se.*

█ In his *pro se* brief, Wendler makes no mention of the "discretionary function" rule, and it would appear from his brief that he somehow wants to reopen the administrative proceedings insofar as such resulted in the emergency suspension of his certificate. This he cannot do. All issues arising out of those proceedings which remained in dispute after Wendler reached a settlement with the FAA were finally resolved in *Wendler v. NTSB*, No. 83–1905 (10th Cir. Feb. 28, 1985) and may not be relitigated. *See Finnerman v. McCormick*, 499 F.2d 212 (10th Cir.), *cert.*

*denied,* 419 U.S. 1049, 95 S.Ct. 624, 42 L.Ed.2d 644 (1974).

█ The *only* issue in this appeal is whether the district court erred in applying the discretionary function exception to Wendler's claim. We find no error. In initially suspending Wendler's certificate and eventually reissuing a certificate subject to conditions, the FAA was most certainly exercising a discretionary power designed to promote air safety. The result reached by the district court is in complete accord with such cases as *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) and *Russell v. United States*, 763 F.2d 786 (10th Cir.1985).

Judgment affirmed.