David S. **KOMJATHY,** Petitioner,

v.

**NATIONAL TRANSPORTATION SAFETY BOARD,** et al., **Respondents.**

No. 86–1444.

United States Court of Appeals, District of Columbia Circuit.

Nov. 13, 1987.

---

Lawrence B. Smith, Washington, D.C., was on the brief, for petitioner.

Peter J. Lynch and Vicki S. Leemon, F.A.A., Washington, D.C., were on the brief for respondents.

Before WALD, Chief Judge and ROBINSON and D.H. GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

By order dated April 4, 1984, the Administrator of the Federal Aviation Administration ("FAA") suspended appellant David S. Komjathy's airman certificate, which had a private pilot rating, for 180 days, based upon alleged violations of several provisions of the Federal Aviation Regulations ("FARs"). Pursuant to 49 App. U.S.C. § 1429(a) (1982), Komjathy appealed the order to the National Transportation Safety Board ("NTSB" or "Board"), appellee here. An administrative law judge ("ALJ") of the NTSB affirmed the order of suspension; when Komjathy appealed to the full Board, the latter affirmed the order of suspension and the decision of the ALJ. Komjathy filed a timely petition for review in this court.

In his petition for review, Komjathy emphasizes that he is raising "strictly legal issues" and that "the facts have no direct relevance [to those issues]." Petitioner's Brief at 5. Consequently, the only issues before the court are the legal challenges raised by Komjathy, notwithstanding the sparring between the parties as to the facts underlying the legal dispute. Having reviewed each of petitioner's legal challenges, we find them to be wholly without merit.

## I.

We first address petitioner's standing to raise several of his challenges. Article III of the Constitution restricts this court's authority: we may consider cases only if the party invoking the court's authority shows that he or she has suffered injury, whether past or future, that the injury is traceable to the action of the

defending party, and that a favorable ruling by the court is likely to remedy the harm. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).

■ While Komjathy has standing to challenge the FAA's authority to suspend airman's certificates, since that was the sanction imposed on him, he cannot here raise his claims against the agency's use of civil penalties as sanctions for violation of FARs, because he plainly cannot show that he has suffered injury, either actual or potential, from the agency's use of civil penalties. Similarly, he cannot, in the present suit, ask this court to review the propriety of the FAA's choosing between certificate suspension and a civil penalty as a sanction, because even a favorable ruling on that point—a holding that the FAA was barred from considering any alternative sanction to the certificate suspension imposed on Komjathy—plainly would not redress any injury to him. Consequently, we dismiss petitioner's challenges to the policies and regulations governing the use of civil penalties and the choice between that sanction and certificate suspension.

## II.

As noted above, Komjathy has standing to challenge the FAA's suspension of airman certificates and we now turn to consider his claim in that regard. He charges that there is no statutory authority for the FAA's policy of suspending airman certificates as a sanction, and that the FAA failed to promulgate that policy through proper rulemaking procedures and to publish that policy either in the Federal Register or the Code of Federal Regulations. Those alleged agency failures, according to Komjathy, constitute violations of the Administrative Procedure Act ("APA"), 5 U.S. C. §§ 553, 558, and the Due Process Clause of the Fifth Amendment. Petitioner's allegations lack merit and are easily refuted by examination of the statutory language and well-settled case law.

■ There is a clear statutory basis for the FAA's policy of suspending airman cer-

tificates as a sanction for violation of FARs. The Federal Aviation Act provides the Administrator of the FAA broad discretion to suspend airman certificates upon a determination that the safety and the public interest so require. 49 App. U.S.C. § 1429(a). It is settled that that authority may be used for the purpose of suspending an airman certificate as a disciplinary sanction for violation of FARs. *See, e.g., Go Leasing, Inc. v. NTSB,* 800 F.2d 1514, 1519–21 (9th Cir.1986); *Pangburn v. Civil Aeronautics Board,* 311 F.2d 349, 354–56 (1st Cir.1962).

The legislative history of the Federal Aviation Act, reviewed in *Pangburn,* 311 F.2d at 355, provides clear evidence of congressional intent to allow the continued practice of imposing certificate suspension as a disciplinary measure for deterrent purposes. As the Supreme Court has written with regard to a similar statutory scheme, Congress plainly intended in its broad grant to give the head of the agency, authority to employ the statutory sanction as in the agency chief's judgment best serves to deter violations. *Butz v. Glover Livestock Comm'n Co.,* 411 U.S. 182, 187–88, 93 S.Ct. 1455, 1458–59, 36 L.Ed.2d 142 (1973) (Packers and Stockyards Act). *See also Barnum v. NTSB,* 595 F.2d 869, 871–72 (D.C.Cir.1979) (FAA Administrator has great discretion in carrying out the statutory provisions).

■ Petitioner's challenge to the regulation implementing § 1429(a), 14 C.F.R. § 13.19, has no more merit than his statutory claim. That regulation, insofar as it relates to the challenged policy of suspension of airman certificates for the protection of the public interest and the safety of air commerce, does no more than repeat, virtually verbatim, the statutory grant of authority in 49 App. U.S.C. § 1429(a) for the ordering of such suspensions.

The fact that the regulation merely reiterates the statutory language precludes any serious argument that the regulation affects the agency or holders of airman certificates in such a way as to require notice-and-comment procedures pursuant to

5 U.S.C. § 553. The regulation does not restrict the agency's statutory discretion in any way. *Cf. Telecommunications Research and Action Center v. Federal Communications Commission*, 800 F.2d 1181, 1186 (D.C.Cir.1986) (notice-and-comment procedures required where agency statement, however labelled, has the effect of a binding norm). Nor could the reprinting of the statutory language in a regulation have affected Komjathy's rights and interests. *Cf. National Ass'n of Home Health Agencies v. Schweiker*, 690 F.2d 932, 950 (D.C.Cir.1982), *cert. denied*, 459 U.S. 1205, 103 S.Ct. 1193, 75 L.Ed.2d 438 (1983) (holding that agency instruction that substantially affects individuals' rights and interests cannot be promulgated without notice-and-comment procedures). This is therefore not a case where the court needs to make the sometimes difficult decision about whether a given rule, however designated by the agency, is substantive, thus requiring notice and comment pursuant to 5 U.S.C. § 553, or interpretative and therefore exempt from notice and comment requirements, *see* 5 U.S.C. § 553(b). *See Guardian Federal Savings and Loan Ass'n v. Federal Savings and Loan Insurance Corp.*, 589 F.2d 658, 665 (D.C.Cir. 1978). Issuance of § 13.19 plainly did not require notice-and-comment procedures.[1]

### III.

■ Komjathy raises one further ground for challenging 14 C.F.R. § 13.19. He claims that the regulation is unconstitutionally vague. Section 13.19, like 49 App. U.S.C. § 1429(a), provides that a certificate may be suspended when air safety and the public interest so require. The "vagueness" of which Komjathy complains is nothing other than the broad discretion that Congress has chosen to bestow on the Administrator of the FAA. The regulations that actually proscribe the conduct for which Komjathy's airman certificate was suspended are *not* challenged, either

for vagueness or for any other reason, in this action. Komjathy thus does not allege that he did not have fair warning of what conduct was proscribed; he alleges, at most, that he was not duly warned of what penalty the Administrator would choose, in his discretion, to impose for Komjathy's engaging in proscribed activity. *Cf. United States v. National Dairy Products Corp.*, 372 U.S. 29, 32–33, 83 S.Ct. 594, 597–98, 9 L.Ed.2d 561 (1963) (a statute is only unconstitutionally vague if one could not reasonably understand that contemplated conduct was proscribed). Because Komjathy's argument goes to the broad discretion that Congress has bestowed on the agency, rather than the vagueness of the rules regarding proscribed conduct, we find his claim that § 13.19 is unconstitutionally vague to be wholly without merit.

### IV.

■ Finally, petitioner argues that the NTSB lacks statutory authority to suspend a pilot's license for violation of federal aviation regulations. This claim flies in the face of plain statutory language granting the NTSB authority to "review on appeal the suspension ... of any operating license ... under [*inter alia*, 49 App. U.S.C. § 1429]." 49 App. U.S.C. § 1903(a)(9) (Supp. III 1985). The NTSB has authority to amend, modify, or reverse the Administrator's order. 49 App. U.S.C. § 1429(a). We find Komjathy's challenge to the NTSB's authority in this regard to be utterly without basis.

### V.

In sum, we hold that Komjathy has failed to demonstrate any basis for this court's overturning the decision of respondent NTSB. Consequently, we deny the petition for review.

1. We note that, even if Komjathy were correct and the agency had to go through the formality and notice-and-comment procedures merely to repeat the statutory language, that formality was complied with. Komjathy does not dispute

that notice and comment procedures were followed in the recodification of 14 C.F.R. in 1962, 27 Fed.Reg. 5694 (1962). *See Go Leasing, Inc. v. NTSB*, 800 F.2d 1514, 1522 (9th Cir.1986).