928 F.2d 1205
 289 U.S.App.D.C. 113
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Kenneth A. BELLOWS, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD and James B. Busey,
Administrator, Federal Aviation Administration, Respondents.
 No. 90-1336.
 United States Court of Appeals, District of Columbia Circuit.
 March 29, 1991.
Rehearing Denied May 29, 1991.
 
 Petition for Review of an Order of the National Transportation Safety Board, No. SE-8333.
 REVIEW DENIED
 Before SILBERMAN, BUCKLEY and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the National Transportation Safety Board and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the court that petitioner's petition for review be and hereby is denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 Petitioner Bellows raises three arguments before this court: (i) that the National Transportation Safety Board (NTSB) failed to comply with section 553 of the Administrative Procedure Act (APA), 5 U.S.C. Sec. 553, by neglecting to promulgate 14 C.F.R. Sec. 13.19, which authorizes the NTSB to suspend pilots' licenses for safety violations, through notice and comment rulemaking; (ii) that the NTSB failed to comply with section 552(a)(1)(D) of the APA, 5 U.S.C. Sec. 552(a)(1)(D), by neglecting to publish its policy of suspending or revoking pilots' licenses for safety violations; and (iii) that petitioner's due process rights were violated because the proceedings before the administrative law judge (ALJ) were not formally recorded.
 
 
 5
 The first of these claims raises an issue that this court has squarely addressed and dismissed. In Komjathy v. NTSB, 832 F.2d 1294, 1296-97 (D.C.Cir.1987), cert. denied, 486 U.S. 1057 (1988), we held that 14 C.F.R. Sec. 13.19 was not required to be promulgated according to notice and comment rulemaking. Also we noted that even were such rulemaking required, the NTSB had complied with that requirement in 1962. Id. at 1297 n. 1 (citing Go Leasing, Inc. v. NTSB, 800 F.2d 1514, 1522 (9th Cir.1986)). In light of Komjathy, we conclude that petitioner's claim that the NTSB rule does not comply with section 553 of the APA must be dismissed.
 
 
 6
 The second claim raised by petitioner, like the first, raises no significant issue. Section 552(a)(1)(D) of the APA requires publication of "substantive rules of general applicability ... and statements of general policy or interpretations of general applicability." Bellows argues that 14 C.F.R. Sec. 13.19 does not give adequate notice of the NTSB's authority to revoke or suspend certificates for violating safety rules.* Consequently Bellows would have us conclude that section 552(a)(1)(D) of the APA requires publication of the NTSB's specific policy regarding suspension and revocation of certificates. We reject this expansive interpretation of section 552. Because the NTSB's suspension and revocation policy "is not a statement of general policy but, rather, is an expression of a specific application of the policy announced" in section 13.19, separate publication is not necessary. Tearney v. NTSB, 868 F.2d 1451, 1454 (5th Cir.), cert. denied, 110 S.Ct. 333 (1989). Also we note that petitioner's license had been suspended by the NTSB once before and that earlier suspension constitutes actual notice of the NTSB rule. Consequently, even if section 552(a)(1)(D) were to require publication of the rule, petitioner could not challenge his suspension on that ground: once an individual has actual notice of an agency rule, he cannot complain that that rule was not published properly. See id.
 
 
 7
 Finally, petitioner's last claim must fail because he waived his right to have the proceedings before the ALJ officially recorded. There is no evidence whatsoever that would indicate that petitioner's waiver was not knowing or intelligent. Instead petitioner merely argues that no layman could have understood the implications of a waiver and therefore it would be unfair to find a waiver. Because petitioner participated in a previous certificate suspension action, which he litigated all the way to the appellate level, we conclude that he was familiar with Board proceedings and that his waiver was knowing.
 
 
 
 *
 Section 13.19 allows the NTSB to suspend or revoke a certificate when "public interest and safety in air commerce requires it."