16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William G. DILLEY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-4140.
 United States Court of Appeals, Tenth Circuit.
 Jan. 24, 1994.
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 BRORBY
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 In May 1990, the Federal Aviation Administration (FAA) issued an order suspending plaintiff's commercial pilot certificate for ninety days in response to certain alleged safety violations. Plaintiff unsuccessfully challenged the suspension order in a hearing before an administrative law judge (ALJ), and then filed a petition for review with the National Transportation Safety Board (NTSB). Ultimately, the NTSB issued an opinion and order affirming the ALJ's decision approving plaintiff's suspension. In the meantime, plaintiff commenced a Bivens[2] suit under 28 U.S.C 1331, in which he alleged that FAA enforcement actions of the sort involved here are in violation of statutory authority and various constitutional strictures. The Bivens suit was dismissed for lack of subject matter jurisdiction.
 
 
 4
 Plaintiff then commenced the present action, asserting essentially the same legal arguments, but invoking the Federal Tort Claims Act (FTCA) and 28 U.S.C. 1346(b) as the basis for federal jurisdiction. The district court ultimately held it lacked subject matter jurisdiction over this second case as well, citing several independent grounds for its ruling, and plaintiff appealed. We need not address all of the issues discussed by the district court. On de novo review, see Daniels v. United States, 967 F.2d 1463, 1464 (10th Cir.1992), we affirm its holding that the discretionary function exception, set out in 28 U.S.C. 2680(a), bars the exercise of subject matter jurisdiction under the FTCA.
 
 
 5
 In Wendler v. United States, 782 F.2d 853 (10th Cir.1985), this court stated:
 
 
 6
 The only issue in this appeal is whether the district court erred in applying the discretionary function exception to [plaintiff's] claim [for damages caused by wrongful suspension of his commercial pilot license]. We find no error. In initially suspending [plaintiff's] certificate ..., the FAA was most certainly exercising a discretionary power designed to promote air safety. The result reached by the district court is in complete accord with such cases as United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) and Russell v. United States, 763 F.2d 786 (10th Cir.1985)
 
 
 7
 Id. at 855 (emphasis in original). The Wendler case remains a proper illustration of the broad scope accorded the discretionary function exception, see Redmon ex rel. Redmon v. United States, 934 F.2d 1151, 1154 & n. 1 (10th Cir.1991), and in our view controls the disposition of this case.
 
 
 8
 Plaintiff fails to address Wendler or Redmon in his appellate briefs. Furthermore, as plaintiff himself notes, see Brief for the Appellant at 20, the case he does rely on heavily as precedent for an actionable FTCA claim arising out of the denial of a pilot certificate, Duncan v. United States, 355 F.Supp. 1167 (D.D.C.1973), involved allegations that "[did] not controvert the power of the FAA Administrator to make rules concerning the certification of airline pilots ... [but] allege[d] negligence in the application of the established standards of certification," id. at 1169. Precisely the opposite is the case here, where plaintiff's claims all derive from his general thesis that the FAA lacked authority from the outset to establish and enforce the entire license-penalty scheme of which plaintiff's suspension is only one particular application. See Brief for the Appellant at 2-4; App. at 12, 15-16. Thus, our discretionary function analysis does not turn on the ultimate, regulation-directed actions of field-level agency personnel, but instead centers on the initial, broadly political actions responsible for the regulatory agenda under attack. See Redmon, 934 F.2d at 1155-56 (discussing Varig Airlines and United States v. Gaubert, 499 U.S. 315 (1991)).
 
 
 9
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)