48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William G. DILLEY, Plaintiff/Appellant,
v.
Samuel K. SKINNER, James B. Busey IV, C. Dean Mcgrath Jr.,
Neil R. Eisner, Kenneth P. Quinn, Gregory S. Walden, Daniel
D. Campbell, John M. Stuhldreher, JOHN H. Cassady, Donald P.
Byrne, Peter J. Lynch, Mardi R. Thompson, Joseph A. Conte,
George L. Thompson, Peter L. Laylin, Leland S. Edwards, Jr.,
Defendants/Appellees.
 Nos. 93-4035 and 93-4107
(D.C. No. 91-C-119J)
 United States Court of Appeals, Tenth Circuit.
 March 6, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON and HENRY, Circuit Judges, and REAVLEY[2], Senior Circuit Judge.
 
 
 1
 Plaintiff-appellant, Mr. William Dilley, challenges a Federal Aviation Administration (FAA) order suspending his pilot's certificate for violating Federal Aviation Regulations in flying a British "vampire" jet near Ogden, Utah. Mr. Dilley has litigated concerning this suspension in a variety of ways[3] and brings this Bivens action alleging that various FAA personnel violated his constitutional rights to due process and trial by jury.
 
 
 2
 Ruling that Mr. Dilley had failed to exhaust his administrative remedies and that it lacked subject matter jurisdiction over Mr. Dilley's Bivens[4] claims because under 49 U.S.C. app. 1486 the courts of appeal have exclusive jurisdiction over these FAA orders, the district court granted the defendants' motion to dismiss. The district court did not rule on the defendants' alternative contentions that they were entitled to immunity and that Mr. Dilley's complaint failed to state a claim upon which relief could be granted such that dismissal was warranted pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 3
 The district court's rulings regarding its jurisdiction raise legal questions that are subject to de novo review. See Horowitz v. Schneider Nat., Inc., 992 F.2d 279, 281 (10th Cir.1993). In reviewing a ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), we apply the same standard as the district court. Id. Such a motion may be granted only if the plaintiff can present no set of facts that would entitle him to relief on the claims asserted. Id.; Jacobs, Visconsi & Jacobs Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991). In addition, we "are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.' " Greiss v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.1987).[5]
 
 
 4
 This Circuit has not yet addressed the specific question of whether district courts have jurisdiction over Bivens claims involving challenges to FAA and NTSB certificate actions. However, in United States v. McBride, 788 F.2d 1429, 1432-33 (10th Cir.1986) we held that the jurisdictional provisions of 49 U.S.C. app. 1486 precluded a collateral attack on a suspension order in an enforcement action filed by the FAA.
 
 
 5
 In this case, a review of the record indicates that Mr. Dilley's complaint fails to state any claims for which relief can be granted such that dismissal is warranted under Fed.R.Civ.P. 12(b)(6). Accordingly, we need not address the jurisdictional effect of 49 U.S.C. app. 1486 on a Bivens action. We set forth the basis for dismissal by analyzing each of Mr. Dilley's claims.
 
 
 6
 iii.
 
 
 7
 In his first claim for relief, Mr. Dilley alleges that the suspension of pilot's certificates for the violation of Federal Aviation Regulations "has never been authorized by law." Aplt.App. at 8. Thus, he maintains that the FAA suspension order violated his Fifth Amendment due process rights. Mr. Dilley makes a similar allegation in his fourth claim for relief. He there asserts that because "[t]he only form of penalty ever authorized by Congress for violations of air-safety rules is the civil-money fine," the FAA's certificate suspension proceedings deprived him of a purported right to pay a monetary fine as punishment for violation of Federal Aviation Regulations. Aplt.App. at 10.
 
 
 8
 Mr. Dilley's assertions are belied by the terms of 49 U.S.C. app. 1429(a), which provides that the Secretary of Transportation may "issue an order ... suspending ... in whole or in part, any ... airman certificate" if "he determines that the safety in air commerce or air transportation and the public interest requires." Along with several other circuits, we have expressly held that Section 1429(a) authorizes the suspension of certificates for the violation of Federal Aviation Regulations. See Hill v. National Transportation Safety Bd., 886 F.2d 1275, 1281 (10th Cir.1989); Komjathy v. National Transportation Safety Bd., 832 F.2d 1294, 1296 (D.C. Cir 1987) (per curiam), cert. denied, 486 U.S. 1057 (1988); Go Leasing, Inc. v. National Transp. Safety Bd., 800 F.2d 1514, 1517-19 (9th Cir.1986); see also Pangburn v. Civil Aeronautics Bd., 311 F.2d 349, 354-56 (1st Cir.1962).
 
 
 9
 In his second claim, Mr. Dilley alleges that the NTSB has no authority to adjudicate cases involving air safety violations. He maintains that with the exception of cases involving civil fines of $50,000 or less "[t]he only judicial forum authorized by law ... is United States District Court." Aplt.App. at 9. We agree with the D.C. Circuit's conclusion in Komjathy that "[t]his claim flies in the face of plain statutory language granting the NTSB authority to review on appeal the suspension ... of any operating license ... under [inter alia, 49 App. U.S.C. 1429].' " Komjathy, 832 F.2d at 1297 (quoting 49 U.S.C. app.1903(a)(9)) (alteration in original).
 
 
 10
 In his third and tenth claims, Mr. Dilley maintains that the FAA proceedings deprived him of statutory and constitutional rights to a jury trial in certificate suspension proceedings. Again, Mr. Dilley chooses to ignore our decision in Hill: "Although Congress provided for a jury trial in the case of civil penalties imposed under section 901, see 49 U.S.C.App. 1473(b), Congress chose not to include a similar provision for administrative proceedings regarding the suspension, modification, or revocation of a pilot certificate." Hill, 886 F.2d at 1282. Jury trials in FAA suspension proceedings are neither statutorily nor constitutionally authorized or required. Id.
 
 
 11
 In his fifth cause of action, Mr. Dilley focuses on the FAA's failure to promulgate two rules: (1) "a general rule that warns the pilot, mechanic or operator that his license is at risk for the violation of any safety rule;" and (2) a rule "which advises that the Administrator claims the power to decide in his absolute discretion to have such charges tried administratively before the NTSB, incurring suspension or revocation." Aplt.App. at 10. According to Mr. Dilley, the failure to promulgate these rules violated his due process rights and is "part of a continuing conspiracy by DOT-FAA officials to coverup their lack of authority for license penalties." Id. In his sixth cause of action, Mr. Dilley adds that the FAA's failure to promulgate the latter rule denied him the right to participate in the rulemaking process. He makes a similar allegation in his seventh cause of action, maintaining that the FAA violated his due process rights and the Administrative Procedures Act by failing to publish in the Federal Register its policy of suspending and revoking certificates
 
 
 12
 Again, the applicable law offers Mr. Dilley no support for these jeremiads. In light of the clear statutory authority supporting certificate suspension proceedings as well as established case law holding that the FAA may suspend or revoke certificates for the violation of the Federal Aviation Regulations, the FAA is not required to separately promulgate or publish the rules or the policy that Mr. Dilley seeks. See Tearney v. National Transp. Safety Bd., 868 F.2d 1451, 1454 (5th Cir.), cert. denied, 493 U.S. 937 (1989) (rejecting argument that the "FAA's failure to publish or promulgate its certificate-sanction policy violates the [Administrative Procedure Act]"); Komjathy, 832 F.2d at 1297 (rejecting argument that promulgation of FAA's certificate suspension policy is required by the Administrative Procedure Act or the due process clause); Go Leasing, 800 F.2d at 1523 ("To the extent that the FAA's selection of a particular sanction or remedy reflects agency practices or policies, these policies need not be adopted as rules.").
 
 
 13
 In his eighth cause of action, Mr. Dilley focuses on the FAA rules regarding the imposition of civil penalties. He alleges that, in 1962, the FAA changed a rule regarding those penalties to provide that "a person is subject to a civil penalty." According to Mr. Dilley's complaint, the rule formerly provided that "[a]ny person who violates any rule, regulation or order of the Administrator shall be subject to a civil penalty." Aplt.App. at 12. He maintains that this rule was changed "without any notice to the public that the agency was reinterpreting its basic charter, and without use of the public notice and comment procedures required by the Administrative Procedure Act." Id. Again, Mr. Dilley alleges that this deficiency in the FAA's rules deprived him of his right to due process of law.
 
 
 14
 No legal basis exists for this claim. Because the FAA's authority to assess civil penalties and certificate suspensions is clearly established by applicable statutes, the alleged omission from the FAA's rules cannot as a matter of law constitute a violation of Mr. Dilley's due process rights. See Tearney, 868 F.2d at 1454; Komjathy, 832 F.2d at 1297; Go Leasing, 800 F.2d 1523.
 
 
 15
 Finally, in his ninth cause of action, Mr. Dilley contends that the FAA Administrator has "never delegated to agency officials, or lawyers, the authority to order the suspension or revocation of a certificate issued by the FAA as a penalty for violation of a Federal Aviation Regulation, or to choose that as an alternative penalty to a civil-money fine." Aplt.App. at 13. Again, he maintains that this failure to delegate violated his Fifth Amendment right to due process of law. Because of the clear statutory and decisional authority establishing that the FAA Administrator and the NTSB may suspend and revoke pilot certificates, the lack of a rule expressly stating that the FAA Administrator's subordinates also have that authority does not constitute a violation of Mr. Dilley's due process rights. See Tearney, 868 F.2d at 1454; Komjathy, 832 F.2d at 1297; Go Leasing, 800 F.2d at 1523. Moreover, the Administrator has promulgated a rule governing certificate actions that, inter alia, provides that his authority to suspend or revoke certificates may be exercised by "the Chief Counsel, the Assistant Chief Counsel, the Assistant Chief Counsel for Regulations and Enforcement, and the Assistant Chief Counsel for the region or the Aeronautical Center." 14 C.F.R. 13.19(b). FAA rules also establish procedures for hearings in certificate actions. See 14 C.F.R. 13.31-13.63. These rules and procedures provide further indication that Mr. Dilley's ninth cause of action does not state a claim upon which relief can be granted.
 
 
 16
 In summary, Mr. Dilley's complaint does not state a claim upon which relief can be granted. Mr. Dilley's claims are merely efforts to re-litigate positions that have been clearly, firmly, and repeatedly rejected by the courts. Accordingly, the judgment of the district court dismissing Mr. Dilley's complaint is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 [3]
 See Dilley v. United States, No. 93-4140, 1994 WL 18077 (10th Cir. Jan. 24, 1994) (affirming dismissal of tort action pursuant to discretionary function exemption to Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671-2680); Dilley v. National Transp. Safety Bd., No. 93-9570 (appeal of National Transportation Safety Board ruling upholding FAA's suspension order)
 
 
 [4]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [5]
 The district court's order concluding that it lacked subject matter jurisdiction was entered on September 15, 1992. However, no separate judgment was entered in accordance with Fed.R.Civ.P. 58. Both Mr. Dilley and the defendants-appellees subsequently filed motions seeking reconsideration of various aspects of the district court's ruling. The district court issued separate rulings on these subsequent motions
 Mr. Dilley has filed two separate notices of appeal in this matter. However, both notices were filed more than thirty days after September 15, 1992. As a result, this court requested the parties to address the question of whether it has jurisdiction to review the rulings made in the district court's September 15, 1992 order. The parties contend that this court has jurisdiction.
 We have noted that the separate document rule set forth in Fed.R.Civ.P. 58 "should be interpreted to prevent the loss of the right to appeal.' " Clough v. Rush, 959 F.2d 182, 186 (10th Cir.1992) (quoting Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 (1978)). Accordingly, we find that this court has jurisdiction to consider the merits of the district court's September 15, 1992 decision. See Shalala v. Schaefer, 113 S.Ct. 2625, 2632 (1993).