48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William G. DILLEY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-4225.
(D.C. No. 92-NC-0120-S)
 United States Court of Appeals, Tenth Circuit.
 March 6, 1995.
 
 1
 Before ANDERSON, HENRY, and REAVLEY,[2] Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 2
 Monday, September 26, 1994, was Lawrence B. Smith, Esquire Day for Division II of the United States Court of Appeals for the Tenth Circuit. Mr. Smith, for Mr. William G. Dilley, but in reality it seems representing himself as attorney in a futile and misplaced cause celebre, argued three appeals relating to his misfounded quest to establish, against overwhelming authority, the following propositions: (1) that the Federal Aviation Administration (FAA) lacks authority to suspend pilot certificates pursuant to 49 U.S.C. app. 1429(a) for violations of Federal Aviation Regulation; (2) that the FAA has violated the Administrative Procedure Act (APA), 5 U.S.C. 552 et seq., by failing to publish certain policies and rules relating to 1429(a); (3) that certain FAA personnel have violated his client's constitutional rights warranting a Bivens[3] action against them; and (4) that FAA employees were negligent under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), 2671-2680, because they participated in proceedings to suspend his client's pilot certificate for violations of Federal Aviation Regulations.[4]
 
 
 3
 This appeal arises out of the FTCA action, which the district court dismissed for five independent reasons.[5] Following the order of dismissal, the district court imposed sanctions against Mr. Smith pursuant to Fed.R.Civ.P. 11, finding that he had previously unsuccessfully litigated the very same issues before Courts of Appeals for the First, Fifth, Ninth, and District of Columbia Circuits, as well as in the District of Utah.[6] We affirmed the district court's dismissal of the FTCA action based upon the "discretionary function" exception. See Dilley v. United States, No. 93-4140, 1994 WL 18077 at * 1 (10th Cir. Jan. 24, 1994). Mr. Smith now appeals from the district court's decision to award the United States $2,490.71 in sanctions pursuant to Rule 11.
 
 DISCUSSION
 
 4
 Between the time the sanctions were issued and this appeal, two intervening acts merit the district court's attention. First, Rule 11 has been amended, and it is now discretionary under the circumstances presented in this case.[7]
 
 
 5
 Secondly, Mr. Smith has managed to partially prevail on an appeal in the Ninth Circuit. In that case, the Ninth Circuit very narrowly remanded a summary judgment motion relating to jurisdiction of a Bivens action filed by Mr. Smith. See Mace v. Skinner, 34 F.3d 854 (9th Cir.1994).
 
 
 6
 Frankly, we are tempted to affirm the award of sanctions against Mr. Smith. Though he seems like a nice enough fellow, his unremitting and totally unsuccessful efforts to challenge FAA authority under 1429(a) must eventually stop. He is clogging the courts and wasting valuable judicial assets, and possibly those of his clients, on actions on which he has no reasonable possibility of success. The Ninth Circuit, the situs of Mr. Smith's only victory, succumbed to this temptation in a case directly on point. See Roundtree v. United States, 40 F.3d 1036, 1039-41 (9th Cir.1994).
 
 
 7
 Nevertheless, because of the amendment of Rule 11 and the Mace case, we will remand this case back to the district court to afford that court the opportunity to exercise its discretion under the amended version of Rule 11. See Knipe, 19 F.3d at 78.
 
 
 8
 We do not know how Mr. Smith will fare on remand. We do note his statement that, "[b]ecause of the unremunerative nature of appellant's public interest work in this field since 1980, we can assure the Court that anything more than an extremely modest sanction will force us into bankruptcy."[8] Applt. Brief in Chief at 31-32 n. 15.
 
 
 9
 Although the prospect of Mr. Smith's bankruptcy and concomitant inability to fund his personal litigation on aviation matters might encourage the district court to reapply its sanctions, we hesitate to open the field of bankruptcy to this enterprising lawyer. Rather, we hope that Mr. Smith will realize that he is not ever going to prevail on his basic theory and that he should desist from this quest which seems to have become his raison d'etre.
 
 
 10
 To persist in litigation on this theory will inevitably result in further sanctions, and possibly even disciplinary action as it is almost certainly unethical to waste client's funds on totally rejected theories of litigation.
 
 
 11
 The judgment of the United States District Court for the District of Utah is therefore REMANDED for proceedings consistent with this Order and Judgment.
 
 
 
 [2]
 The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [3]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [4]
 The Federal Reporter chronicles Mr. Smith's efforts, faithfully publishing cases that he has lost. A partial list includes:
 Knipe v. Skinner, 999 F.2d 708 (2d Cir.1993); Hite v. National Transp. Safety Bd., 991 F.2d 17 (1st Cir.1993); Rochna v. National Transp. Safety Bd., 929 F.2d 13 (1st Cir.), cert. denied, 502 U.S. 910 (1991);
 Tearney v. National Transp. Safety Bd., 868 F.2d 1451 (5th Cir.), cert. denied, 493 U.S. 937 (1989); Komjathy v. National Transp. Safety Bd., 832 F.2d 1294 (D.C.Cir.1987), cert. denied, 486 U.S. 1057 (1988); Go Leasing, Inc. v. National Transp. Safety Bd., 800 F.2d 1514 (9th Cir.1986).
 
 
 [5]
 In this case, Mr. Smith's client, Mr. Dilley, had his pilot's certificate suspended because of the manner of his piloting his British military "Vampire" jet fighter in the vicinity of Ogden, Utah
 
 
 [6]
 As the United States Attorney notes, Mr. Smith should understand that the weight of the law is against him, "having developed virtually the entire body of law adverse to his claims himself." Brief of Appellee at 7
 
 
 [7]
 For a complete discussion of this issue, see Knipe v. Skinner, 19 F.3d 72 (2d Cir.1994). This case is directly on point, and not surprisingly, involved Mr. Smith
 
 
 [8]
 Perhaps this admittedly unpleasant state of affairs changed with Mr. Smith's possible partial victory in Mace