**WORLD DUTY FREE AMERICAS, INC., Ammex Tax & Duty Free Shops, Inc., Ammex Tax & Duty Free Shops West, Inc., and Ammex Warehouse Company, Inc., Plaintiffs,**

v.

**Lawrence H. SUMMERS, Secretary of the Treasury, and Bradley A. Buckles, Director, Bureau of Alcohol, Tobacco and Firearms, Defendants.**

No. Civ.A.00–00404RCL.

United States District Court, District of Columbia.

April 18, 2000.

---

Tom M, Schaumberg, Harvey B. Fox, Allan J. Stevenson, Michael L. Doane, Adduci, Mastriani & Schaumberg, LLP, Washington, DC, for plaintiffs.

Wilma A. Lewis, Mark E. Nagle, Paul S. Padda, United States Attorney's Office, Washington, DC (Imelda M. Koett, Office of Chief Counsel, Bureau of Alcohol, Tobacco & Firearms, Department of the Treasury, Washington, DC, of counsel), for defendants.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

Plaintiffs, owners and operators of duty-free shops located along the United States–Canadian border, seek a preliminary injunction enjoining the implementation and enforcement of certain temporary regulations ("Temporary Rules") promulgated by the Department of the Treasury's ("Treasury") Bureau of Alcohol, Tobacco and Firearms ("ATF"), which prohibit the

"relanding" into the United States "previously exported" tobacco products, including the limited amount of cigarettes allowed for the personal use of returning United States residents. 27 C.F.R. §§ 275.11; 275.83. Plaintiffs contend that the Temporary Rules are invalid because they were promulgated without notice-and-comment as required by the Administrative Procedure Act, 5 U.S.C. § 553(b), and because they illegally abolish the so-called "personal use" exemption that shields from duty, as "incidents of the journey", "article[s] acquired abroad" by U.S. residents. 19 U.S.C. § 1555(b)(6)(B). Upon consideration of plaintiffs' motion for a preliminary injunction, the opposition thereto, the applicable law, oral argument and for the reasons set forth below, plaintiffs' motion is GRANTED and defendants are hereby ENJOINED from enforcing the Temporary Rules, 27 C.F.R. § 275.11 and 27 C.F.R. § 275.83, to the extent that they prohibit the importation of cigarettes purchased in duty-free stores up to the limit allowed for personal use under 19 U.S.C. § 1555(b)(6)(B).

## I. BACKGROUND

On December 22, 1999, the ATF promulgated Temporary Rules 27 C.F.R. § 275.11 and § 275.83, without notice to the public, for the stated purpose of implementing certain provisions of Section 9302 of the Balanced Budget Act of 1997. Pub.L. No. 105–33, 111 Stat. 673 (1997). Section 9302 of the Balanced Budget Act amended 26 U.S.C. § 5761 to provide, in relevant part, that

> every person who sells, relands, or receives within the jurisdiction of the United States any tobacco products or cigarette papers or tubes which have been labeled or shipped for exportation under this chapter. . . .
>
> shall, in addition to the tax and other penalty provided in this title, be liable for a penalty equal to the greater of $1,000 or 5 times the amount of the tax imports imposed by this chapter.

To that end, the Temporary Rules prohibit the "relanding" into the United States of previously exported U.S. manufactured cigarettes, except under limited circumstances. 27 C.F.R. § 275.11. The Temporary Rules define the term "relanding" as

> Any tobacco products . . . which have been labeled or shipped for exportation . . . as prescribed in this chapter, previously exported and returned within the jurisdiction of the United States. This term does not apply to any tobacco products that are placed in appropriately marked receptacles by travelers or passengers prior to making their declaration to a U.S. Customs officer upon arrival in the United States.

27 C.F.R. § 275.11. By its terms, this definition indicates that cigarettes brought back into the United States by a returning U.S. resident under the personal use exemption, 19 U.S.C. § 1555(b)(6)(B), would be considered "relanded," and thus, their importation would violate 26 U.S.C. § 5761.

As noted above, prior to the implementation and enforcement of the Temporary Rules, returning residents of the United States were eligible for a personal use exemption from the payment of any Customs duty or tax on articles acquired abroad as incidents of their journey. 19 U.S.C. § 1555(b)(6)(B). Specifically, subheadings 9804.00.65, 9804.00.70, and 9804.00.72 ("subheadings") of the Harmonized Tariff Schedule of the United States ("Tariff Schedule") expressly authorize U.S. residents to bring back into the United States a limited number of cigarettes upon their return. 19 U.S.C. § 1202. The relevant statutory text provides that

> Except in the case of travel involving transit to, from, or through an insular possession of the United States, merchandise described in subparagraph (A) that is purchased by a United States resident shall be eligible for exemption from duty under subheadings 9804.00.65, 9804.00.70, and 9804.00.72 of the Harmonized Tariff Schedule of the United States upon the United States resident's return to the customs territory of the

United States, if the resident meets the eligibility requirements for the exemption claimed. *Notwithstanding any other provision of law, such merchandise shall be considered to be an article acquired abroad as an incident of the journey from which the resident is returning, for purposes of determining eligibility for any such exemption.*

19 U.S.C. § 1555(b)(6)(B) (emphasis added). The relevant Tariff Schedule subheading exempts for personal use "not more than 200 cigarettes." Tariff Schedule, subheading 9804.00.72.

Plaintiffs operate duty-free stores along the United States–Canadian border that sell, among other things, tax-free U.S. manufactured cigarettes. As a result of the implementation of the Temporary Rules, persons who purchase tax-free U.S. cigarettes at plaintiffs' stores before departing the United States are prohibited from bringing any of these cigarettes back into the United States, even under the so-called "personal use" exemption. Now, rather than permit travelers to return with the limited number of cigarettes allowed under for personal use, Customs requires persons to discard all U.S. manufactured cigarettes prior to reentry into the United States, or face potential penalties. 27 C.F.R. § 275.11.

## II. DISCUSSION

To obtain a preliminary injunction, a litigant must show "1) a substantial likelihood of success on the merits, 2) that it would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *Mova Pharm. Corp. v. Shalala,* 140 F.3d 1060, 1066 (D.C.Cir.1998) (citing *CityFed Financial Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C.Cir. 1995)). The court weighs plaintiffs' showings on these four factors to decide whether to grant the injunction. *CityFed Financial,* 58 F.3d at 747.

### A. *Likelihood of Success on the Merits*

█ Plaintiffs contend they have demonstrated likely success on the merits. First, plaintiffs maintain that the Temporary Rules are invalid because defendants failed to promulgate them in accordance with the notice and publication requirements of the Administrative Procedure Act, 5 U.S.C. § 553(b) & (d) ("APA"). Specifically, plaintiffs dispute defendants' assertion that the regulations fall within the so-called "good cause" exception to the APA's notice and publication requirement. 5 U.S.C. § 553(b) and (d)(3) (stating that notice and publication may be dispensed with for "good cause" based upon a finding that notice and/or publication "are impracticable, unnecessary or contrary to the public interest"). They note that the ATF promulgated the Rules nearly two years after the statute they purport to implement was enacted. Second, plaintiffs contend that the promulgated regulations unlawfully abolish the "personal use" exemption, which allows returning United States residents to return to the United States with a limited amount of cigarettes for personal consumption. 19 U.S.C. § 1555(b)(6)(B) (exempting from duty certain merchandise listed under subheadings 9804.00.65, 9804.00.70 and 9804.00.72 of the Harmonized Tariff Schedule of the United States). Plaintiffs assert that defendants implicitly acknowledge that enforcement of the Rules against returning residents is problematic by virtue of the fact that persons are given the opportunity to discard the cigarettes, even after they would technically be subject to the penalties prescribed under 26 U.S.C. § 5761. *See* 27 C.F.R. §§ 275.11 and 275.83.

Defendants contend that plaintiffs are unable to demonstrate a likelihood of success on the merits with respect to either their procedural or substantive challenge to the Rules. Specifically, defendants advance that the ATF was not required to comply with the APA's notice and publication requirements because the Temporary

Rules fall within the "good cause" exception. 5 U.S.C. § 553(b); *National Customs Brokers and Forwarders Ass'n of America v. United States*, 59 F.3d 1219, 1223 (Fed.Cir.1995). Defendants assert that where, as here, a regulation "merely reiterates the statutory language," "any serious argument that the regulation affects [interested persons] ... as to require notice-and-comment procedures" is precluded. *Komjathy v. NTSB*, 832 F.2d 1294, 1296 (D.C.Cir.1987) (per curiam) (notice-and-comment procedures not required for FAA regulations implementing Federal Aviation Act because regulation "did no more than repeat, virtually verbatim, the statutory grant of authority [in the Act]"). Thus, in the present case, defendants contend that the Temporary Rules merely restate what was expressly provided by the Balanced Budget Act—that only manufacturers and export warehouse proprietors may lawfully import previously exported cigarettes. 26 U.S.C. §§ 5754(a); 5704(d); 5761(c). Defendants further aver that the ATF's determination that the Rules fall within the good cause exception is entitled to deference and that a reviewing court must uphold agency decisions unless they are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", or if they fail to meet statutory, procedural or constitutional requirements. 5 U.S.C. § 706(2)(A)–(D).

The court finds that plaintiffs have demonstrated a likelihood of success on the merits. First, the court finds that the ATF improperly relied on the APA's narrow "good cause" exception to avoid complying with the APA's notice-and-comment requirements. *State of New Jersey v. United States Environmental Protection Agency*, 626 F.2d 1038, 1045 (D.C.Cir.1980) (stating that "the various exceptions to notice-and-comment provisions of section 553 will be narrowly construed and only reluctantly countenanced"). Indeed, defendants have failed to provide any explanation whatsoever for the two-year delay in promulgating the regulations. Moreover, their considerable delay in promulgating the Rules substantially undercuts defendants' present position that notice and publication was "impracticable" and "contrary to the public interest" because of the public needed immediate guidance from having these regulations in place. Additionally, the court finds that ATF unreasonably determined that notice-and-comment was unnecessary because the regulations "merely reiterate a Federal statute." *Komjathy*, 832 F.2d at 1296. Unlike the regulations at issue in *Komjathy*, the Temporary Rules in this case go beyond a mere recitation of the statutory language to provide definitions not found in the statute, such as the term "relanding." While an interpretative rule may be "in the form of an explanation of particular terms in an Act," *Batterton v. Marshall*, 648 F.2d 694, 705 (D.C.Cir.1980), in this case, the regulations provide definitions that expand the substantive reach of the statute to impose obligations and potential penalties on residents returning to the United States.

■ Likewise, the court finds that plaintiffs have established a substantial likelihood of success on the merits with respect to their substantive challenge to the Temporary Rules. Defendants maintain that the statutory provisions implemented by the Temporary Rules repeal, by implication, the availability of the personal use exemption for domestic cigarettes. They further contend that whether a returning resident may import a certain number of cigarettes without paying a duty is a separate question from whether such cigarettes may be brought into the United States. In other words, to read the statutes as defendants urge, this court would have to find that Congress created a personal use exemption for cigarettes acquired on their journey, but then provided that such cigarettes could not be brought into the United States at all. Such a construction is illogical.

First, the court notes the well-established principle that repeals by implication are disfavored. *See Ruckelshaus v. Mon-*

*santo Co.,* 467 U.S. 986, 1017, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984) (stating that "repeals by implication are disfavored" and "where two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective"); *see also Robertson v. Seattle Audubon Soc.,* 503 U.S. 429, 440, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992); *Morton v. Mancari,* 417 U.S. 535, 549, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974); *Illinois National Guard v. FLRA,* 854 F.2d 1396, 1404 (D.C.Cir.1988). Thus, defendants assertions that these amendments to the Balanced Budget Act silently repeal the personal use exemption for domestic cigarettes is suspect from the start. Moreover, where two statutory commands appear to be in conflict, courts should endeavor to read Congress's instructions in harmony. *Illinois Guard,* 854 F.2d at 1405. Thus, while in certain instances it may be appropriate to find that a subsequent statutory enactment trumps a prior enactment, where, as here, one act falls closely on the heels of the other, without any mention of the prior statute, this consideration is misplaced. The fact that the subsequent statute in this case was a far-ranging, multifaceted revenue act also counsels against finding a repeal of the more specific personal use exemption under 19 U.S.C. § 1555 and the Tariff Schedule. *Id.* Here, defendants do not—because they cannot—point to any express indication in the Balanced Budget Act's amendment to 26 U.S.C. §§ 5704(d), 5754 or 5761 that evidences congressional intent to repeal provisions of law it enacted only 10 months prior.[1]

In addition, the court finds that the term "previously exported" does not cover cigarettes that Congress has expressly allowed to be imported for personal use as incidents of foreign journeys under Section 1555. 19 U.S.C. § 1555(b)(6)(B) (referencing Tariff subheadings specifically allowing returning residents to bring back not more than 200 cigarettes for personal consumption). Reading the relevant terms of each statute in this harmony, the court gives effect to both statutes. Moreover, the relevant subheadings of the Tariff Schedule do not become superfluous, as they would be under defendants's proffered interpretation. More critically, however, construing the statutes in harmony gives proper effect to Congress' clear mandate in Section 1555, which instructs that "[n]otwithstanding any other provision of law, such merchandise shall be considered to be an article acquired abroad as an incident of the journey from which the resident is returning, for purposes of determining eligibility for any such exemption." Courts have interpreted the phrase "notwithstanding any other provision of law" as superseding all other laws. *See, e.g., Crowley Caribbean Transport, Inc. v. United States,* 865 F.2d 1281, 1283 (D.C.Cir.1989) (quoting *Illinois National Guard v. FLRA,* 854 F.2d 1396, 1403 (D.C.Cir.1988)); *see also Colorado Nurses Ass'n v. FLRA,* 851 F.2d 1486, 1489–90 (D.C.Cir.1988). While this preemptive language does not necessarily preclude a subsequent change of position by Congress, its breadth and force suggests that any qualification or limitations of the terms to which it applies would be made after some consideration of the reasons behind such a change. Here, there is no evidence that Congress considered the effects of this statute on the personal use exemption. Thus, to adopt defendants' assertions regarding the interplay of the two statutes, however, would require this court to ignore the clear language in Section 1555 in favor defendants' more oblique construction of Section 5461.

**B. Irreparable Harm**

 Plaintiffs represent that they will suffer irreparable harm if a preliminary injunction is not issued. Specifically, plaintiffs assert that continued enforce-

---

1. Section 1555(b)(6)(B) was enacted on October 11, 1996. Section 5754(a) was enacted on August 5, 1997.

ment of the Rules will continue to cause them substantial economic harm, which would "significantly damage its business beyond a simple diminution in profits." *Mylan Pharms., Inc. v. Shalala,* 81 F.Supp.2d 30, 42 (D.D.C.2000). Since the effective date of the Rules, persons returning to the United States who purchased and still possess cigarettes from plaintiffs' stores must throw them away before going through Customs in the United States. Plaintiffs have had to post notices informing potential customers that they will not be permitted to bring any cigarettes they purchase back into the United States. The net effect of the Rules is that potential customers are deterred from purchasing cigarettes from plaintiffs' stores and sales of cigarettes have declined precipitously since January 1, 2000. Nearly one-third—approximately 29 percent—of plaintiffs' business derives from the sale of cigarettes. Plaintiffs are currently losing $300,000.00 per month. Moreover, plaintiffs contend that because travel is by nature a temporal activity, they have no ability to recapture lost business. In addition, plaintiffs maintain that the Temporary Rules have cost them considerable injury in terms of customer goodwill.

Defendants dispute that plaintiffs have demonstrated irreparable injury. They maintain that plaintiffs' claimed injury merely constitutes an economic loss, and that it is well-settled that "economic loss, in and of itself, does not constitute irreparable harm." *Wisconsin Gas Co. v. FEC.,* 758 F.2d 669, 674 (D.C.Cir.1985) *(per curiam ).* Defendants further assert that even if an injunction was issued preventing the ATF from enforcing the regulations, the plain terms of the Balanced Budget Act would prevent customers from "relanding" previously exported cigarettes. 26 U.S.C. §§ 5754(a), 5704(d); and 5761(c). In other words, this court's enjoining the implementation and enforcement of the regulations would do nothing to curtail the harm plaintiffs claim.

The court finds that plaintiffs have demonstrated sufficient irreparable harm to entitle them to a preliminary injunction.

Specifically, plaintiffs aver that they have lost $300,000.00 in sales each month since the effective date of the Rules. This loss amounts to approximately one-third of plaintiffs total business. In addition, they further contend that they will continue to suffer significant economic losses as long as the regulations are enforced against returning United States residents' previously exempt cigarettes. And, in addition to economic losses, plaintiffs represent that they have sales of other products have also diminished due to the Rules, as fewer customers patronize the stores since the enforcement of the Rules. Ordinarily recoverable monetary or economic injury, on its own, does not suffice to demonstrate irreparable injury. *Wisconsin Gas,* 758 F.2d at 674. Indeed, "courts within this Circuit have generally been hesitant to award injunctive relief based on assertions about lost opportunities and market share." *Mylan Pharm.,* 81 F.Supp.2d at 43. However, economic loss may constitute irreparable harm where the loss threatens the very existence of the movant's business. *Wisconsin Gas,* 758 F.2d at 674, or where plaintiff has made a showing that "the economic loss would significantly damage its business above and beyond a simple diminution in profits." *Mylan Pharm.,* 81 F.Supp.2d at 43; *see also Bracco Diagnostics, Inc. v. Shalala,* 963 F.Supp. 20, 28–29 (D.D.C.1997). The present controversy presents such a situation. Here, plaintiffs have represented that the losses they have suffered amount to a substantial percentage of their business. These significant losses are further compounded by the fact that such losses are not likely to be recovered given the fact that plaintiffs' business necessarily relies on customers who travel, and thus lost sales will not necessarily be recouped. Lastly, in an effort to protect customer goodwill, plaintiffs have had to place signs within their stores informing customers of the potential for penalties if they return with cigarettes they purchase. In short, plaintiffs have been forced to dissuade customers from purchasing their own goods.

The court finds that, on these facts, plaintiffs have demonstrated irreparable harm.

### C. Harm to Other Interested Parties

By contrast, there does not appear to be a countervailing harm to the ATF from granting the injunction. The cigarettes that currently must be forfeited in Customs are simply discarded by the ATF. As such, enjoining the enforcement of the regulations against these products does not deprive the United States of any revenue benefit. Moreover, enforcement of the regulations may discriminate against domestically manufactured cigarettes. Under the current scheme, the practical effect of the regulations is to encourage travelers returning to the United States to purchase foreign cigarettes, which would not travelers subject to penalties under these regulations.

### D. The Public Interest

The public interest also weighs in favor of granting the requested injunctive relief. Specifically, the public benefits from consistency and clarity in the enforcement of the laws enacted by Congress. Here, two statutes offer contradictory instructions. As Congress has not made explicit its intent to repeal the personal use exemption for cigarettes, the public interest, as well as fundamental principles, are best served by the court reading the two acts in harmony. This consideration is especially compelling where one statute expressly permits certain conduct and the other, by implication, subjects U.S. residents to potential penalties for the same conduct.

## III. CONCLUSION

■ For the reasons set forth above, the court finds that the balance of the equities in this matter favors the plaintiffs, and thus plaintiffs' motion for a preliminary injunction shall be GRANTED.

A separate order shall issue this date.

SO ORDERED.

### ORDER

Upon consideration of plaintiffs' motion for a preliminary injunction, the opposition thereto, oral argument, the applicable law, and for the reasons set forth in the memorandum opinion issued this date, it is hereby

ORDERED that plaintiffs' motion for a preliminary injunction is GRANTED; and it is further

ORDERED that defendants are ENJOINED, pursuant to Federal Rule of Civil Procedure 65, from enforcing Temporary Rules 27 C.F.R. § 275.11, in conjunction with 27 C.F.R. § 275.83, to the extent that such it prohibits the importation of cigarettes purchased in U.S. duty free stores up to the limit allowed by the personal use exemption provided by 19 U.S.C. § 1555 and the Harmonized Tariff Schedule of the United States, 19 U.S.C. § 1202, subheadings 9804.00.65, 9804.00.70 and 9804.00.72; and it is further

ORDERED that plaintiffs shall not be required to post a bond or security to obtain this order.

SO ORDERED.