John DOE I, et al., Plaintiffs,

v.

President George W. BUSH and Secretary of Defense Donald H. Rumsfeld, Defendants.

No. CIV.A. 03–10284–JLT.

United States District Court, D. Massachusetts.

Feb. 23, 2002.

Margaret A. Burnham, Burnham, Hines & Dilday, Boston, MA, Max D. Stern, Stern, Shapiro, Weissberg & Garin, Boston, MA, John Bonifaz, National Voting Rights Institute, Boston, MA, for John Chris Doe, Jane Doe, Charles Richardson, Nancy Lessin, Jeffrey McKenzie, John Conyers, Dennis Kucinich, Jesse Jackson, Jr., Sheila Jackson Lee, Jim McDermott, Jose E. Serrano, Plaintiffs.

George B. Henderson, Michael J. Sullivan, United States Attorney's Office, Boston, MA, for George W. Bush, President, Donald H. Rumsfeld, Secretary of Defense, Defendants.

## MEMORANDUM

TAURO, District Judge.

■ The plaintiffs seek to enjoin the President from launching a military invasion of Iraq, asserting that Congress has neither declared war nor taken any action that would give the President the power to wage such a war. The defendants oppose such an injunction for several reasons, including that plaintiffs' complaint does not set forth a justiciable issue and, therefore, this court has no jurisdiction to act. The threshold issue before the court, therefore, is whether the plaintiffs' complaint presents a nonjusticiable political question and, therefore, must be dismissed. For the reasons set forth below, this court concludes that the issues raised by the plaintiffs involve political questions, in the legal sense of that term, which are beyond the authority of a federal court to resolve.

■ As a general proposition, the conduct of this country's foreign relations involve political issues that the Constitution commits for resolution to the political branches of government—the Executive and Legislative. Absent a clear abdication of this constitutional responsibility by the political branches, the judiciary has no role to play. For example, should it become apparent that the political branches, themselves, are clearly and resolutely in opposition as to the military policy to be followed by the United States, then the situation would have gone beyond that of a political question and would pose a serious constitutional issue requiring resolution by the judicial branch. And so, a federal court may judge the war policies of the political branches only when the actions taken by Congress and those taken by the Executive manifest clear, resolute conflict.

Each of the political branches has responsibilities and prerogatives with respect to war policy. For example, the Constitution grants to Congress the power to declare war, to raise and support armies, and to provide and maintain a navy. The President is made the commander-and-chief of the armed forces.

■ Case law makes clear that Congress does not have the exclusive right to determine whether or not the United States will engage in war. Congressional ratification for the continuation of undeclared war activity may be found even though there has not been a formal declaration of approval. The manner and form of ratification is up to Congress, and the courts have no power to second guess the wisdom or form of such approval. The fact that Congress and the President may appear to be at odds from day to day concerning the conduct of military affairs does not necessarily add up to resolute conflict between the political branches.

Dispute, debate, and disagreement are the prerogative of the political branches. The controlling issue for determining this court's jurisdiction, therefore, is whether such dispute and disagreement has reached the point of clear and resolute conflict that would warrant judicial intervention.

Relevant to that inquiry in this case is the October Congressional Resolution concerning Iraq. Plaintiffs argue that the October Resolution cannot be interpreted as congressional action giving the President the power to make war with Iraq. But, whatever the merits of that argument, it is clear that Congress has not acted to bind the President with respect to possible military activity in Iraq. And indeed, the President, for his part, has not irrevocably committed our armed forces to military conflict in Iraq. There is, therefore, a day to day fluidity in the situation that does not amount to resolute conflict between the branches—but that does argue against an uninformed judicial intervention.

This memorandum is consistent with this court's opinion thirty years ago in the case of *Drinan v. Nixon*, 364 F.Supp. 854 (D.Mass. August 8, 1973) (Tauro, J.), which was cited with approval by the Second Circuit in the case of *Holtzman v. Schlesinger*, 484 F.2d 1307, 1314 (2d. Cir.1973).

Plaintiffs' request for injunctive relief is denied. Defendants' motion to dismiss is allowed. This memorandum will be attached to the order issued today. A formal opinion further memorializing that order will issue.