**GREAT PRINCE MICHAEL
et al., Plaintiffs,**

v.

**UNITED STATES of America
et al., Defendants.**

**No. CIV.A. 03–0697 RMU.**

United States District Court,
District of Columbia.

March 28, 2003.

Great Prince Michael, Hertford, NC,
Pro se.

*MEMORANDUM OPINION*

URBINA, District Judge.

Denying the Plaintiffs' Motion for
a Temporary Restraining Order
and Dismissing the Complaint

## I. INTRODUCTION

While our nation is currently at war in Iraq, the *pro se* plaintiffs bring this action to challenge the United States' and Great Britain's presence in the Persian Gulf, claiming that American and British troops are trespassing on the plaintiffs' property located in that region. In essence, the plaintiffs ask the court to enjoin the United States and Great Britain from facilitating the occupation of American and British citizens there. In response, the American defendants[1] oppose the plaintiffs' motion for interim injunctive relief. After consideration of the parties' submissions, the relevant law, and the record of this case, the court determines that the plaintiffs fail to satisfy the critical element of substantial likelihood of success on the merits of their claims because they lack standing and the case presents a non-justiciable political

---

1. The court notes that the British defendants have not yet filed a response to the plaintiffs' complaint and motion for interim injunctive relief. For that matter, the court is unaware as to whether the plaintiffs have properly served their complaint and motion on the British defendants. For purposes of this ruling, however, the court need not obtain a response from the British defendants.

question. Accordingly, the court denies the plaintiffs' motion for a temporary restraining order and dismisses the case with prejudice.

## II. BACKGROUND

Plaintiff "Great Prince Michael" (a.k.a. Michael Craig Clark) brings this action along with a group referred to as the "Inhabitants of the Land"[2] (collectively, "the plaintiffs") against the United States, President George W. Bush, "Americans currently in the land," Great Britain, and "British citizens currently in the land" (collectively, "the defendants"), seeking injunctive relief from American and British occupation of certain lands located in the Middle East. Compl. at 1–3; Pls.' Mot. for T.R.O. ("T.R.O.Mot."). Specifically, the plaintiffs allege that the defendants are trespassing over lands located west of the Euphrates River and Persian Gulf and east of the Mediterranean Sea and Nile River, thereby violating the plaintiffs' rights under the Third, Fourth, and Fifth Amendments of the United States Constitution.[3] Compl. at 2. The plaintiffs allege that these lands are entrusted to the care of plaintiff Great Prince Michael, who claims to be the sole representative of the descendants of Abraham and who allegedly has the responsibility to enforce the biblical covenant given to Abraham to protect the lands in question. *Id.* Ex. A.

On March 17, 2003, the plaintiffs filed their complaint with this court accompanied by a motion for a temporary restraining order. This member of the court received the case on March 20, 2003. The next day, the American defendants filed an opposition to the plaintiffs' motion for a temporary restraining order. On March 26, 2003, the plaintiffs filed their reply to the defendants' opposition. Thus, the matter being fully briefed, the court now turns to the plaintiffs' motion for a temporary restraining order.

## III. ANALYSIS

### A. Legal Standard for Interim Injunctive Relief

This court may issue interim injunctive relief only when the movant demonstrates:

(1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction.

*Mova Pharm. Corp. v. Shalala,* 140 F.3d 1060, 1066 (D.C.Cir.1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C.Cir.1995)); *see also World Duty Free Americas, Inc. v. Summers,* 94 F.Supp.2d 61, 64 (D.D.C.2000). It is particularly important for the movant to demonstrate a substantial likelihood of success on the merits. *Cf. Benten v. Kessler,* 505 U.S. 1084, 1085, 112 S.Ct. 2929,

---

**2.** The complaint and the moving papers fail to provide a description of the "Inhabitants of the Land." As such, the court is left guessing as to whether the "Inhabitants of the Land" is an organization or a group of unidentified plaintiffs. The defendants are also puzzled as to the identity of these plaintiffs. Even if the complaint identified the "Inhabitants of the Land," the defendants contend that the court should reject any effort by plaintiff Great Prince Michael to assert the rights of others in this action because he cannot do so vicariously absent class certification pursuant to Federal Rule of Civil Procedure 23. Defs.' Opp'n to Pls.' Mot. for T.R.O. at 1 n. 2.

**3.** Although the plaintiffs allege violations of "*Articles* III, IV, and V," the complaint quotes the Constitution's Third, Fourth, and Fifth *Amendments,* leading the court to believe that the plaintiffs' challenge is based on these amendments. *See* Compl. at 2 (emphasis added).

120 L.Ed.2d 926 (1992) (per curiam). Indeed, absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F.Supp.2d 114, 140 (D.D.C.1999) (internal quotation omitted).

Because interim injunctive relief is an extraordinary form of judicial relief, courts should sparingly grant such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). As the Supreme Court has said, interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id.* (citation omitted). Therefore, although the trial court has the discretion to issue or deny a preliminary injunction, it is not a form of relief granted lightly. *Ambach v. Bell*, 686 F.2d 974, 979 (D.C.Cir.1982).

## B. The Court Denies the Plaintiffs' Motion for a Temporary Restraining Order Because the Plaintiff Has Not Demonstrated a Substantial Likelihood of Success on the Merits

To the extent that the plaintiffs' complaint and motion challenges the presence of United States and British armed forces in the Middle East as violations of the plaintiffs' Third, Fourth, and Fifth Amendment rights, the defendants argue that the plaintiffs lack standing to assert such claims and the court may not exercise judicial review over this matter because it presents non-justiciable political questions. Defs.' Opp'n to T.R.O. Mot. ("Defs.' Opp'n") at 3–4. The court addresses these arguments in turn.

### 1. The Plaintiffs Fail to Establish Standing

Article III of the Constitution limits the jurisdiction of federal courts to "cases" or "controversies." U.S. CONST. ART. III, § 2, cl. 1. These prerequisites reflect the "common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Consequently, in order for this court to have jurisdiction over a case, each plaintiff must have standing to bring his claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

To establish standing, an individual must satisfy a three-prong test. *Id.* First, the individual must have suffered some injury in fact, defined as an invasion of a legally protected interest that is concrete and particularized and actual or imminent. *Id.* at 560, 112 S.Ct. 2130. Second, the injury must be fairly traceable to the governmental conduct alleged. *Warth v. Seldin*, 422 U.S. 490, 504, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Nat'l Maritime Union v. Commander, Military Sealift Command*, 824 F.2d 1228 (D.C.Cir.1987). A plaintiff will not have standing, however, if this court must accept a speculative inference or assumption to link the alleged injury to the challenged action. *Id.; Andrx Pharms., Inc. v. Biovail Corp. Int'l*, 256 F.3d 799, 815 (D.C.Cir.2001); *Advanced Mgmt. Tech. v. Federal Aviation Admin.*, 211 F.3d 633, 637 (D.C.Cir.2000). Third, the plaintiff must prove that the alleged injury is likely to be redressed by a favorable decision of this court. *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130; *Tozzi v. Dep't of Health & Human Servs.*, 271 F.3d 301 (D.C.Cir.2001).

Applying the first prong, the court determines that the plaintiffs do not sufficiently establish some injury in fact. The plaintiffs are therefore unable to demonstrate a substantial likelihood of success on the merits. *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130; *Benten*, 505 U.S. at 1085, 112

S.Ct. 2929; *Mova Pharm. Corp.*, 140 F.3d at 1066.

The complaint asserts that the plaintiffs have suffered injuries because the defendants allegedly have "facilitated [their] occupation and/or trespass on plaintiff's land[,] have taken the property in question for ... public use[ ] without just compensation to the plaintiff[,] deprive[d] the owner of his property without due process[,] and [are] seriously damaging the property ... as well as its inhabitants." Compl. at 3–4. These allegations fail to satisfy the injury-in-fact requirement because the plaintiffs fail to demonstrate any tangible interest in the lands in question. *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130. Indeed, the plaintiffs' only claim to these lands is by virtue of "the covenant given to Abraham in the Bible" read alongside the plaintiffs' bald assertion that plaintiff Great Prince Michael is entrusted to care for these lands. *Id.* Ex. A. The plaintiffs do not demonstrate any interest in the lands in question because they fail to make clear who entrusted plaintiff Great Prince Michael to care for these lands. In short, important questions remain unanswered. Consequently, accepting the plaintiffs' claimed interest in these lands would require this court to make an impermissible speculative inference or assumption to determine whether the plaintiffs have suffered some injury in fact. *Nat'l Maritime Union*, 824 F.2d 1228; *Andrx Pharms., Inc.*, 256 F.3d at 815. Accordingly, the court determines that the plaintiffs have failed to establish standing because they cannot sufficiently demonstrate that they have suffered some injury in fact.[4]

### 2. The Case Presents a Non-Justiciable Political Question

Not only do the plaintiffs lack standing to assert their claims and thereby fail to demonstrate a likelihood of success on the merits, but the case also presents a nonjusticiable political question that further amplifies the shortcomings of the plaintiffs' claims. In short, the court is convinced that prudential considerations counsel against judicial intervention in this matter pursuant to the separation of powers principles embodied in the court's equitable discretion and the political-question doctrine.

The Supreme Court has explained that a political question is a controversy in which there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it[.]" *Nixon v. United States*, 506 U.S. 224, 228, 113 S.Ct. 732, 122 L.Ed.2d 1 (1993) (quoting *Baker v. Carr*, 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). More specifically, matters involving foreign policy and military decisions raise political questions because they are political in nature, and not within the province of the judicial branch. *Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111, 68 S.Ct. 431, 92 L.Ed. 568 (1948) (stating that the very nature of executive decisions as to foreign policy is political, not judicial); *Doe v. Bush*, 240 F.Supp.2d 95, 96 (D.Mass.2003)

---

**4.** On a separate note, the court determines that the plaintiffs are unlikely to succeed on the merits of their claims against defendant Great Britain for the added reason that there is no basis in law for a court of the United States to direct the relations of foreign nations. Accordingly, the plaintiffs are also unable to satisfy the second and third prongs necessary to establish standing to assert claims against defendant Great Britain because a portion of the plaintiffs' alleged injuries are not traceable to domestic governmental actions and the plaintiffs fail to prove that this court can redress their alleged injuries by a favorable decision in the plaintiffs' favor. *Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130.

(stating that the conduct of foreign relations involves political issues that the Constitution commits to the political branches of government), *aff'd*, 323 F.3d 133 (1st Cir.2003) (noting that "courts are rightly hesitant to second-guess the form or means by which the coequal political branches choose to exercise their textually committed constitutional powers") (citations omitted). The Supreme Court considers the conducting of military operations to be "so exclusively entrusted to the political branches of government as to be largely immune from judicial inquiry or interference." *Harisiades v. Shaughnessy*, 342 U.S. 580, 589, 72 S.Ct. 512, 96 L.Ed. 586 (1952) (citations omitted). In harmony with established precedent, our own court of appeals has explained that

> [t]he fundamental division of authority and power established by the Constitution precludes judges from overseeing the conduct of foreign policy [because such] matters are plainly the exclusive province of Congress and the Executive.

*Luftig v. McNamara*, 373 F.2d 664, 665–66 (D.C.Cir.1967).

Following this clear direction, the court concludes that the plaintiffs are unlikely to succeed on the merits of their claims because these claims present non-justiciable matters premised on allegations that the defendants are violating the plaintiffs' rights by the presence of armed forces and other military assets in the Persian Gulf. *Id.; Nixon*, 506 U.S. at 228, 113 S.Ct. 732; *Baker*, 369 U.S. at 217, 82 S.Ct. 691; *Chicago & S. Air Lines, Inc.*, 333 U.S. at 111; *Mova Pharm. Corp.*, 140 F.3d at 1066; *Am. Bankers Ass'n*, 38 F.Supp.2d at 140. To wit, the nature of the plaintiffs' allegations demonstrates that their claims raise matters so entirely committed to the care of the political branches as to preclude the court's consideration of the plaintiffs' claims. *Luftig*, 373 F.2d at 665–66; *Nix-*

*on*, 506 U.S. at 228, 113 S.Ct. 732; *Baker*, 369 U.S. at 217, 82 S.Ct. 691; *Chicago & S. Air Lines, Inc.*, 333 U.S. at 111, 68 S.Ct. 431. For example, the plaintiffs instruct the court that "one only has to turn on the television to see that damage is occurring and loss of lives to the land's inhabitants whose job it is to maintain the property and oil reserves thereon for the property owner ... and defendant's conduct is not constitutionally protected in time of peace and not according to law in time of war." Pls.' Reply at 3; *see also* Compl. at 2–3.

Echoing the First Circuit's recent message in a case similar to the case at bar, this court concludes that "the circumstances presented here do not warrant judicial intervention [and] the appropriate recourse for those who oppose war [in] Iraq lies with the political branches." *Doe v. Bush*, 323 F.3d 133, 144 (1st Cir.2003). In light of the political-question doctrine, the plaintiffs fail to demonstrate a substantial likelihood of success on the merits and the court therefore denies the plaintiffs' motion for the extraordinary relief of a temporary restraining order on this added basis. *Mova Pharm. Corp. v. Shalala*, 140 F.3d at 1066; *Am. Bankers Ass'n*, 38 F.Supp.2d at 140.

### C. The Court Dismisses the Plaintiffs' Complaint

■ Having resolved the plaintiffs' motion for injunctive relief, the court must answer one remaining question: whether the court should dismiss the case. Established precedent permits a district court to *sua sponte* dismiss a complaint in circumstances similar to those presented here. In *Luftig*, the D.C. Circuit affirmed the district court's *sua sponte* dismissal of a complaint brought by a serviceman to enjoin the Secretary of Defense and the Secretary of the Army from sending him to Vietnam. *Luftig*, 373 F.2d at 665–66. The serviceman alleged that the military conflict in Vietnam was unconstitutional. *Id.*

28

Presented with a challenge to the district court's *sua sponte* dismissal, the D.C. Circuit reasoned that the serviceman's allegations raised a political question beyond the jurisdiction of the district court, stating that this

> proposition [is] so clear that no discussion or citation of authority is needed. The only purpose to be accomplished by saying this much on the subject is to make it clear to others comparably situated and similarly inclined that resort to the courts is futile, in addition to being wasteful of judicial time, for which there are urgent legitimate demands.

*Id.*

Applying the D.C. Circuit's reasoning in *Luftig* to the case at bar, the court concludes that the plaintiffs' attempts to obtain relief from the courts is futile and would result in a waste of the court's time to further entertain the plaintiffs' claims. *Id.* Accordingly, as was approved in *Luftig*, the court dismisses this matter *sua sponte.*[5] *Id.*

### IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiffs' motion for a temporary restraining order and dismisses the case with prejudice. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this *28th* day of March 2003.

---

**5.** The court notes that this is not the first time that a court has *sua sponte* dismissed plaintiff Great Prince Michael's claims. In a factually similar case involving different defendants, plaintiff Great Prince Michael sought injunctive relief to prevent certain foreign policy negotiations concerning the same or similar lands that are the subject of this action under many of the same theories advanced in the complaint at bar. Great Prince Michael v. Palestinian Auth., No. 00–0650, slip. op. at 1 (D.D.C. Mar. 22, 2000) (Kessler, J.). In that case, another member of this court denied plaintiff Great Prince Michael's motion for injunctive relief and dismissed the case with prejudice "as frivolous and for failure to state a claim upon which relief may be granted." *Id.*